T.C. Memo. 1995-554


UNITED STATES TAX COURT


EDWARD J. RICHARDSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

IRENE E. RICHARDSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 28363-92, 26019-93.[1]  Filed November 21, 1995.


Maurice P. Wolk, for petitioner Edward J. Richardson.

Albert L. Grasso, for petitioner Irene E. Richardson.

Donna C. Hansberry, for respondent.


MEMORANDUM OPINION

FAY, Judge:  In the notice of deficiency, respondent determined deficiencies in and additions to petitioner Edward J. Richardson's (hereinafter Edward) Federal income taxes in the following amounts:

_____

[1]These cases were consolidated for purposes of trial, briefing, and opinion.

|       |            | Additions to Tax | Penalty        |
|       |            | Sec. 6661        | Sec. 6662(b)(2) |
| Year  | Deficiency | Sec. 6661        | Sec. 6662(b)(2) |
|-------|------------|------------------|----------------|
| 1988  | $72,896    | $17,624          | --             |
| 1989  | 275,897    | --               | $55,131        |
| 1990  | 82,904     | --               | 16,581         |

In the notice of deficiency, respondent determined deficiencies in and additions to petitioner Irene E. Richardson's (hereinafter Irene) Federal income taxes in the following amounts:

|       |            | Additions to Tax |              | Penalty     |
|       |            | Sec. 6651(a)(1)  | Sec. 6661(a) | Sec. 6662(a) |
|-------|------------|------------------|--------------|-------------|
| 1988  | $42,035    | $10,509          | $10,509      | --          |
| 1989  | 84,808     | --               | --           | $16,962     |
| 1990  | 96,782     | --               | --           | 19,356      |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the issues for decision all relate to the nature of payments by Edward to his former spouse, Irene. Specifically, we must decide: (1) Whether certain payments made by Edward to his former spouse in the taxable years 1988, 1989, and 1990 are properly deductible by him under section 215(a); (2) whether such payments are properly includable as income by Irene under section 71(a); (3) whether Edward is entitled to a refund for 1988 or 1990; (4) whether Edward is liable for additions to tax under section 6661 for the taxable year 1988 and

penalties under section 6662(b)(2) for the taxable years 1989 and 1990; and (5) whether Irene is liable for additions to tax under section 6651(a)(1) and section 6661(a) for the taxable year 1988 and penalties under section 6662(a) for the taxable years 1989 and 1990.

Background

These cases were submitted to the Court fully stipulated. The stipulation of facts and the exhibits attached thereto are incorporated by this reference.

Edward was a resident of Elburn, Illinois, at the time of filing his petition. Irene was a resident of Barrington, Illinois, at the time of filing her petition.

Petitioners were married on June 15, 1963. Petitioners initially separated in February 1980 but continued to live together on an irregular basis at the marital residence prior to March 17, 1983.

Petitioners entered into a separation agreement on March 17, 1983. Pursuant to this agreement, Edward transferred to Irene his entire interest in their marital residence located in Barrington, Illinois. Pursuant to the agreement, Edward also paid Irene from $10,000 to $10,866.67 per month in addition to certain of her expenses from April 1983 until December 1988.

On November 23, 1987, Edward sued Irene in the Circuit Court of Cook County, Illinois, County Department-Domestic Relations Division (hereinafter the circuit court), for dissolution of

their marriage. In September 1988, Edward ceased paying Irene's expenses, other than the mortgage payments and real estate taxes for the marital residence. In December 1988, Edward ceased all payments to Irene except the real estate expenses.

In January 1989, Irene filed an emergency petition for temporary maintenance and other emergency relief with the circuit court. By Memorandum Opinion dated October 3, 1989, the circuit court established temporary maintenance payments to Irene of $29,000 per month, retroactive to February 1, 1989, and directed Edward to continue paying the mortgage installments and real estate taxes for the marital residence. On December 15, 1989, the circuit court modified its order and reduced the temporary maintenance payments to $26,700 per month.

On November 13, 1990, the circuit court held that petitioners' March 17, 1983, agreement was valid and enforceable and on December 4, 1990, the circuit court entered judgment dissolving petitioners' marriage.

Irene appealed the circuit court's decision. On September 11, 1992, the First District of the Appellate Court of Illinois (hereinafter the appellate court) upheld the judgment dissolving petitioners' marriage but held that the separation agreement was "procedurally and substantively unconscionable" and remanded the case to the circuit court for a hearing on the issue of property settlement. In re Marriage of Richardson, 179 Ill. Dec. 224, 236, (1992).

Edward and Irene filed joint Federal income tax returns from 1980 through 1987. For 1988, 1989, and 1990, they filed separate returns.

For the taxable years 1988, 1989, and 1990, Edward filed his Federal income tax returns as a married person filing separately and deducted as alimony on his Federal income tax returns for each year the following:

| Year | Payments to Irene | Real Estate Taxes | Mortgage Payments | Total |
|------|------|------|------|------|
| 1988 | $141,266.71 | $7,761.42 [1] | | $7,363.31 |
| | $156,391.44 | | | |
| 1989 | 293,700.00 | 8,053.93 | 9,297.36 | 311,051.29 |
| 1990 | 320,400.00 | 9,669.77 | 9,297.36 | 339,367.13 |

[1]In addition, Edward paid but did not deduct as alimony a mortgage payment in 1988 in the amount of $1,934.

Irene did not include as income the respective amounts $158,325.44,[2] $311,051, and $339,367, as set forth above, on her Federal income tax returns for the years 1988, 1989, and 1990, respectively. Irene did not timely file her 1988 Federal income tax return; she filed her 1988 Federal income tax return in October 1990.

In a notice of deficiency dated October 31, 1992, respondent determined that the payments made by Edward were not deductible by him. In a separate notice of deficiency dated September 9,

---

[2]This amount is the sum of the $156,391.44 paid and deducted by Edward plus the $1,934 paid by Edward but not deducted, as indicated in the previous footnote.

1993, respondent determined that the payments received by Irene were taxable income to her.[3]

## Discussion

We must determine whether Edward's payments to Irene in 1988, 1989, and 1990 are deductible to Edward and, correspondingly, whether such payments constitute taxable income to Irene. Under section 215, payments are deductible as alimony or separate maintenance if those payments are includable in the recipient's gross income under section 71. Yoakum v. Commissioner, 82 T.C. 128, 134 (1984).

### 1. Payments Made in 1988

The payments made in 1988, which Edward alleges were made under the separation agreement executed on March 17, 1983, are governed by the provisions of section 71, as in effect before amendment in 1984. Conformity with each element of the statute is required. The parties have stipulated that most of the requirements of section 71 were met.

Edward and Irene lived separate and apart at all times during 1988 and 1989. Edward and Irene executed a separation agreement on March 17, 1983. Edward made payments to Irene pursuant to the written agreement they had signed. Edward and

---

[3]The Commissioner's practice of issuing inconsistent deficiency notices in such circumstances in order to protect the Government's right to tax revenue is recognized as a valid practice. See e.g., Gerardo v. Commissioner, 552 F.2d 549, 555-556 (3d Cir. 1977), affg. in part, revg. in part and remanding T.C. Memo. 1975-341.

Irene filed separate Federal income tax returns for the years in question.

We must consider whether the payments by Edward to or on behalf of Irene during 1988 were made under a written separation agreement. Irene contends that the payments made to her by Edward during 1988, prior to entry of the circuit court orders,[4] are not includable in her income because a written separation agreement is a prerequisite to includability, and no such written agreement existed. Section 71(a)(2) provides in pertinent part:

> (2) Written separation agreement.--If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship.) This paragraph shall not apply if the husband and wife make a single return jointly.

On March 17, 1983, both parties signed a written agreement which addressed the issue of support payments for Irene. The agreement, among other things, required that Edward pay Irene the sum of $10,000 per month for her maintenance, such payments to be indexed to the National Consumer Price Index for all Urban Consumers. Edward also agreed to pay tuition and expenses

---

[4]On Oct. 3, 1989, the circuit court ordered Edward to pay $29,000 per month in temporary maintenance to Irene, retroactive to Feb. 1, 1989. On Dec. 15, 1989, the court corrected a calculation in its prior order, resetting monthly maintenance at $26,700.

associated with Irene's attendance at college.  This agreement was held invalid by the circuit court.  The decision of the State court, however, is not dispositive of the issue before this Court.  Section 1.71-1(b)(2)(i), Income Tax Regs., provides that "payments are includible in the wife's gross income whether or not the agreement is a legally enforceable instrument."  This Court's decisions reflect that the unenforceability of an agreement under State law does not prevent the deduction of payments made pursuant to such an agreement.  Taylor v. Campbell, 335 F.2d 841 (5th Cir. 1964); Engelhardt v. Commissioner, 58 T.C. 641 (1972); Campbell v. Commissioner, 15 T.C. 355 (1950).  We therefore conclude that the payments by Edward during 1988 were made under a written separation agreement for purposes of section 71(a)(2).[5]  Taylor v. Campbell, supra at 846; Engelhardt v. Commissioner, supra at 648.

The requirements of section 71(a)(2) having been met, we find that Irene's gross income includes the payments made to her by Edward pursuant to the written separation agreement of March 17, 1983.  Moreover, we find that these payments are deductible by Edward pursuant to section 215, which provides for the deductibility of such payments.

2.  The 1989 and 1990 Payments

---

[5]This would include any payment made by Edward to or on behalf of Irene pursuant to the agreement during January of 1989, before the effective date of the Circuit Court's order requiring Edward to make temporary maintenance payments.

In order for Edward's payments made in 1989 and 1990 pursuant to the orders of the circuit court to be deductible by him and includable in Irene's income, they would have to qualify as "alimony or separate maintenance payments."  Secs. 71(a), 215(a).  With respect to a divorce or separation instrument executed after 1984, an alimony or separate maintenance payment is defined in section 71(b)(1) as any payment in cash if:

    (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

    (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

    (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

    (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Furthermore, the payments are not deductible by the payor spouse and are not taxable to the payee spouse if the spouses filed a joint return.  Sec. 71(e).

The October 3, 1989, circuit court opinion is a divorce or separation instrument for purposes of section 71(b)(1).  Sec. 71(b)(2)(A), (C).  Edward made payments in 1989 and 1990 pursuant to the circuit court's Memorandum Opinion dated October 3, 1989, and its modifying Order of December 15, 1989.  The circuit court

opinion does not address whether the liability to make such payments terminates at the death of the payee spouse; however, under Illinois law, Edward's obligation to continue the payments will terminate at Irene's death.[6]  Illinois Marriage and Dissolution of Marriage Act, sec. 510(c).  Edward and Irene were not members of the same household at the time the payments were made. Edward and Irene did not file a joint return for the taxable years 1989 and 1990.

Edward and Irene disagree with respect to whether the circuit court opinion meets the requirements of section 71(b)(1)(B).  The opinion of the circuit court makes no mention of section 71 or section 215 and does not expressly designate the payments as being nontaxable to Irene or as nondeductible by Edward.

Irene, nonetheless, contends that the circuit court implicitly intended the payments to be nontaxable to Irene. Irene asserts that the circuit court intended that she receive approximately 40 percent of Edward's net income and that, if the payments were to be taxable to her, her share after taxes would only be 36.2 percent of Edward's net income.  Irene also contends that, because the circuit court did not deduct the court-ordered payments from Edward's gross income when determining Edward's net

---

[6]Such State law provision satisfies the termination on death requirement of sec. 71(b)(1)(D).  Notice 87-9, 1987-1 C.B. 421.

income, the circuit court intended that Edward should bear the tax.

We, however, cannot infer from the circuit court's opinion an intention to designate Edward as the party required to bear the tax consequences of the payments. The circuit court did not begin its analysis regarding monthly maintenance payments to Irene with the intention that Irene receive exactly 40 percent of Edward's net income. Rather, the court computed Irene's monthly living expenses, compared the total with Edward's net salary and dividend income, and concluded that the monthly payment to Irene of "roughly" 40 percent of Edward's net salary and dividend income was not unreasonable. The circuit court found that a payment of $29,000 per month, equal to "roughly 40 percent" of Edward's net income, would not be unreasonable. The circuit court's modifying order of December 15, 1989, reduced the monthly payment to $26,700, which constitutes approximately 37.4 percent of Edward's net income, an amount which the Court also necessarily did not find unreasonable. From this, it is clear that the 40-percent figure mentioned in the circuit court opinion was not a benchmark from which we can infer that the circuit court intended that Edward was to bear the tax cost of the payments.

Because the circuit court did not expressly designate the court-ordered payments as payments which were not includable in Irene's income, the requirements of sections 71 and 215 are met.

Accordingly, we find that Edward's payments to Irene in 1989 and 1990 made pursuant to orders of the circuit court were "alimony or separate maintenance payments" as defined in section 71(b)(1). As such, the court-ordered payments are includable in Irene's taxable income and deductible by Edward.

3. <u>Refund for Edward</u>

This Court has jurisdiction to determine an overpayment pursuant to section 6512(b)(1) to the extent that the overpayment was made after the issuance of the statutory notice. Sec. 6512(b)(3)(A). We have found that Edward's separate maintenance payments to Irene are deductible by him. As a result of concessions made by the parties and Edward's payment of additional income tax for 1988 subsequent to the issuance of the statutory notice, Edward made an overpayment of income tax for 1988 attributable to his failure to deduct a mortgage payment of $1,934, see <u>supra</u> note 2, <u>supra</u>, and is entitled to a refund for that year.

The parties have stipulated that Edward is entitled to increase his 1990 Schedule A deductions by $10,137. The period permitted for filing a claim for refund of Edward's 1990 income taxes had not expired. Sec. 6511(b)(2). Since we hold that Edward is entitled to deduct the separate maintenance payments made in 1990, we find that Edward has overpaid his 1990 income tax by reason of the additional Schedule A deductions and that he is entitled to a refund for that year.

## 4. Additions to Tax--Irene

Respondent determined that Irene filed a delinquent return for the taxable year 1988 and that she is liable for an addition to tax under section 6651(a). Section 6651(a) imposes an addition to tax for failure to file a timely return unless such failure is due to reasonable cause. Because we hold that Irene received alimony required to be included in her gross income in 1988 and she has failed to show reasonable cause for the delinquent filing of her return, she is liable for an addition to tax under section 6651(a) for 1988.

Respondent determined that Irene is liable for an addition to tax under section 6661(a) for a substantial understatement of tax for the taxable year 1988 and for accuracy-related penalties under section 6662(b)(2) for substantial understatements of tax for the taxable years 1989 and 1990.

Section 6661(a) provides for an addition to tax if there is a substantial understatement of income tax.

Section 6661(c) authorizes the Commissioner to waive all or any part of this addition to tax on a showing by the taxpayer that there was reasonable cause for the understatement (or part thereof) and that the taxpayer acted in good faith.

Section 6662(a) and (b)(2) provides for an accuracy-related penalty if there is a substantial understatement of tax. Section 6664(c) provides that the section 6662 penalty is not imposed if it is shown that the taxpayer had reasonable cause for the

underpayment and acted in good faith. Irene contends that the underpayment in taxes for 1988, 1989, and 1990 was due to reasonable cause, arguing that she relied on the decision of the circuit court and on the advice of a competent tax adviser. Because the circuit court did not rule on the issue of whether the payments were taxable to Irene or deductible by Edward, we find that reliance on the decision was not reasonable. Irene did not present sufficient evidence to support her claim that she filed her returns based upon the advice of a competent tax professional. We, therefore, hold that Irene is liable for the addition to tax under section 6661 for 1988 and the penalties under section 6662 for 1989 and 1990.

5. <u>Additions to Tax -- Edward</u>

Respondent determined that Edward is liable for an addition to tax under section 6661(a) for the taxable year 1988 and penalties under section 6662(b)(2) for the taxable years 1989 and 1990.

Section 6661(b)(2) provides for a penalty if there is a substantial understatement of tax. Because we hold that the payments in 1988 are deductible by Edward, there is no substantial understatement of tax in 1988. Accordingly, we hold that Edward is not liable for the understatement addition for 1988.

Section 6662(a) provides for an addition to tax if there is a substantial understatement of tax. Because we hold that the payments in 1989 and 1990 made pursuant to the circuit court

order are deductible by Edward, there is no substantial under-statement of tax in the taxable years 1989 and 1990.  Accordingly, we hold that Edward is not liable for the penalty under section 6662 in 1989 and 1990.

To reflect the above holdings and concessions,

<u>Decisions will be entered under Rule 155</u>.