T.C. Memo. 2000-214


UNITED STATES TAX COURT


THOMAS CLARENCE AND CLAUDIA ELLEN MALONEY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20568-97.                    Filed July 17, 2000.


Thomas Maloney and Claudia Ellen Maloney, pro sese.

Felicia L. Branch, for respondent.


MEMORANDUM OPINION


LARO, Judge:  The parties submitted this case to the Court without trial.  See Rule 122.  Petitioners petitioned the Court to redetermine respondent's determination of a $14,832 deficiency in their 1993 Federal income tax.  We must decide whether they may deduct as alimony a $47,900 payment that Thomas Maloney

(petitioner) made to his former wife.  We hold they may not.
Section references are to the Internal Revenue Code as applicable
to the subject year.  Rule references are to the Tax Court Rules
of Practice and Procedure.

Background

All facts were either stipulated or found by the Court from
exhibits accompanying the stipulations of fact.  The stipulations
of fact and the accompanying exhibits are incorporated herein by
this reference, and the parties' stipulations of fact are found
accordingly.  Petitioners are cash method taxpayers who resided
in La Grange Park, Illinois, when we filed their petition
commencing this action.  They filed with respondent a joint 1993
Federal income tax return on which they claimed a $47,900
deduction for alimony paid to petitioner's former spouse, Linda
R. Maloney (Ms. Maloney).

Ms. Maloney sued petitioner for divorce in a Virginia
circuit court, and, on March 21, 1991, the court finalized the
divorce by way of a decree of final divorce (Virginia decree).
The Virginia decree provides in relevant part as follows:

> THIS CAUSE came on this day to be heard upon the
> bill of complaint; upon process served upon the
> defendant; upon the answer and cross-bill of the
> defendant; upon the report of James A. Evans,
> Commissioner in Chancery, and the matter was argued by
> counsel.
>
> UPON CONSIDERATION WHEREOF, the Court finds from
> the report, independently of the admissions of the

parties in the pleadings or otherwise, the following facts: that the parties are sui juris and neither is incarcerated, that the defendant is a member of the Armed Forces of the United States and is represented by counsel; that the parties were lawfully married in New Melle, Missouri, on July 11, 1970; that there were two children born of this marriage * * * ; that the complainant was both domiciled in Virginia and an actual good faith resident of Virginia on the date that this suit was instituted and for more than six months next preceding said date; * * * that this Court has jurisdiction over the subject matter; that the venue is proper; that the written stipulation between the parties should be affirmed by the Court and incorporated in this decree by reference; and that the report of said Commissioner should be confirmed in its entirety.

WHEREFORE the Court doth ADJUDGE, ORDER and DECREE that * * * the defendant be, and he is herewith, divorced from the complainant from the bonds of matrimony * * *

      *    *    *    *    *    *    *

The Court doth further ADJUDGE, ORDER and DECREE that the complainant and the defendant both be denied spousal support.

The referenced stipulation (the stipulation) provides in relevant part as follows:

21. The husband covenants and agrees that upon his retirement from the United States Navy, he will immediately take whatever steps are necessary to provide for the wife thirty-seven and 50/100 (37.50) percent of his retirement funds, in allotment form, to be paid to her on a monthly basis at the same time he receives his sixty-two and 50/100 (62.50) percent portion thereof. He further covenants to participate in the Survivor Benefit Plan in order for the wife to be entitled to her thirty-seven and 50/100 (37.50) percent share of his retirement until such time as she dies. The retirement payments to wife shall continue until her death notwithstanding the death of the husband.

Petitioner separated, but did not retire, from the United States Navy on or around March 31, 1993, and he was paid a lump-sum separation payment of $116,897.87 in lieu of his retirement benefits from the United States Navy.  At or about that time, Ms. Maloney petitioned a court in Illinois, the State in which petitioner then resided,[1] requesting that the court either (1) enforce the Virginia decree by requiring petitioner to pay to her 37.5 percent of the lump-sum amount or (2) modify the Virginia decree to state explicitly that she was entitled to 37.5 percent of any amount that petitioner received in lieu of his retirement benefits.  Later in that year, the Illinois court entered an agreed order (Illinois order) providing in relevant part as follows:

> 1.  (a) That * * * [Ms. Maloney] shall keep as her sole property the sum of $47,900.00 representing her share and division of the net funds received by * * * [petitioner] from the United States Navy.  Such division and transfer shall not be considered a taxable event.
>
> (b) * * * [Ms. Maloney] shall hold * * * [petitioner] free, harmless and indemnified against any state or federal income taxes due and owing in connection with receipt by * * * [Ms. Maloney] of the aforesaid $47,900.00.
>
> (c) * * * [petitioner] shall keep as his sole property the sum of $47,861.03 plus interest representing his share and division of the net funds received from the United States Navy.

---

[1] Ms. Maloney resided in Florida at that time.

(d) * * * [petitioner] shall hold * * * [Ms. Maloney] free, harmless and indemnified against any state or federal taxes due and owing in connection with the gross amount paid by the United States Navy to * * * [petitioner] less the sum of $47,900.00 which is the responsibility of * * * [Ms. Maloney].

Petitioner paid Ms. Maloney the $47,900 in 1993.

## Discussion

We must determine whether petitioners may deduct the $47,900 payment as alimony.[2]  Respondent determined they could not. Petitioners must prove respondent's determination wrong in order to prevail.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); see also Preston v. Commissioner, T.C. Memo. 1999-49, affd. in part, revd. in part and remanded 209 F.3d 1281 (11th Cir. 2000).

An individual may generally deduct a payment made during the taxable year to a former spouse to the extent it is alimony that is includable in the former spouse's gross income.  See sec. 215(a) and (b).  A payment is alimony that is includable in a former spouse's gross income when:  (1) The payment is made in cash, (2) the payment is received by (or on behalf of) the former spouse under a divorce or separation instrument, (3) the divorce or separation instrument does not designate that the payment is not to be treated as alimony, (4) the former spouses reside in

---

[2] Petitioners do not dispute that this payment is includable in their gross income, relying solely on their position that it was paid to Ms. Maloney and is deductible as alimony.

separate households at the time the payment is made, (5) the former spouses do not file a joint return, and (6) the liability for payment does not continue for any period after the former spouse's death. See sec. 71(b)(1), (e). Each of these requirements must be met before a payor may deduct a payment as alimony. The parties dispute only two of these requirements; namely, the third and sixth requirements set forth above.

We begin our analysis with the third requirement under which a payment is not treated as alimony if the divorce or separation instrument designates that the payment is not includable in the recipient's income under section 71 or deductible by the payor under section 215. See sec. 71(b)(1)(B). The instrument must contain a clear and explicit designation to that effect although it need not refer expressly to section 71 or section 215. See Estate of Goldman v. Commissioner, 112 T.C. 317, 323-324 (1999); see also Richardson v. Commissioner, 125 F.3d 551, 556 (7th Cir. 1997), affg. T.C. Memo. 1995-554.

Here, we construe the Virginia decree and the Illinois order as designating the payment in question as nonalimony. The Virginia decree provides explicitly that petitioner and Ms. Maloney shall "both be denied spousal support." The Illinois order provides explicitly that petitioner's transfer of the $47,900 to Ms. Maloney "shall not be considered a taxable event." The Virginia decree and the Illinois order, therefore, designate

that the $47,900 payment is not alimony and instead represents a nontaxable division of marital assets.

We hold that petitioners may not deduct the $47,900 payment as alimony. We have considered all arguments for a contrary holding and find that it is unnecessary to reach them or that they are without merit.

<u>Decision will be entered for respondent</u>.