T.C. Memo. 2004-119


UNITED STATES TAX COURT


ANTOINETTE J. DATO-NODURFT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17983-02.          Filed May 17, 2004.


Antoinette J. Dato-Nodurft, pro se.

Monica J. Miller, for respondent.


MEMORANDUM OPINION


WELLS, Chief Judge:  Respondent determined a deficiency of $2,795.40 in petitioner's Federal income tax for 2000.  The issue to be decided is whether a certain payment to petitioner by her former husband pursuant to a separation agreement constitutes alimony that is includable in her income under section 71.  All section references are to the Internal Revenue Code, as amended,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The parties submitted the instant case, fully stipulated, without trial, pursuant to Rule 122. The parties' stipulations of fact are hereby incorporated by this reference and are found as facts in the instant case.

On December 26, 1993, petitioner married Christopher J. Nodurft in Baton Rouge, Louisiana. On April 17, 1998, petitioner and Mr. Nodurft entered into a separation agreement (separation agreement), in which petitioner and Mr. Nodurft agreed to live separately, and Mr. Nodurft agreed to pay petitioner $1,505 per month in spousal support, until they entered into a final decree of divorce or dissolution.

The separation agreement provides, in part:

### SEPARATION OF THE PARTIES

The parties may and shall at all time after the date of permanent separation live and continue to live separate and apart for the rest of their natural lives. Each shall be free from interference, authority and control, either direct or indirect, by the other as fully as if he or she is single and unmarried. The parties shall not molest each other or compel or endeavor to compel the other to cohabit or dwell with him or her by any legal or other proceedings for restitution of conjugal rights or otherwise. The separation took place with mutual consent. It may not be used as the basis for a charge of desertion or constructive desertion against either party.

\*     \*     \*     \*     \*     \*     \*

**SPOUSAL SUPPORT**

The parties understand and acknowledge that any obligation to provide spousal support is subject to modification at any time by order of a court of competent jurisdiction.  Based upon this understanding, the parties agree that:

The Husband shall pay to the Wife, as and for periodic spousal support of the Wife, the sum of $1,505.00 per month, until a final decree of divorce or dissolution is entered as between the parties.  It is further agreed that said payments shall be made by allotment and shall be due and payable on the 1st day of each month.  The Husband recognizes that the Wife will depend upon the timely payment of the support to be paid and agrees that, should any payment not be received within 60 days of its due date, and should the Wife retain counsel, that the Husband will pay any counsel fees incurred by the enforcement of the obligations under this Agreement.

\*    \*    \*    \*    \*    \*    \*

**TAX MATTERS**

Annual Returns:  The parties agree to file Joint federal and state income tax returns for the tax year 1997, and for any subsequent year during which they shall be married and entitled under the applicable laws and regulations to file joint returns, provided that such filing results in a lesser combined tax than would result from separate filing.  Each party shall pay that proportionate share of the tax due as shall be attributable to his or her respective earnings or income and each shall indemnify and hold harmless the other against any liability for his or her own proportionate share of said tax.  Any refund that is realized as a result of a joint return shall be divided equally between the parties.

During 2000, petitioner received from Mr. Nodurft, pursuant to the separation agreement, payment of $18,608 (payment).[1]  For

---

[1]The separation agreement requires Mr. Nodurft to make 12 monthly payments of $1,505 to petitioner for a total yearly

(continued...)

2000, petitioner filed a separate Federal tax return, claiming single rates. During the year in issue, petitioner resided in Birmingham, Alabama, and Mr. Nodurft resided in Arlington, Virginia.

On October 9, 2001, the Circuit Court of the City of Alexandria, Virginia, entered a decree granting the divorce of petitioner and Mr. Nodurft, which incorporated by reference the April 17, 1998, separation agreement. When she filed her petition, petitioner resided in Longwood, Florida.

## Discussion

The issue in the instant case is whether the payment petitioner received from Mr. Nodurft constitutes alimony that is includable in her income under section 71.[2]

Section 71 provides:

SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.

(a) General Rule.--Gross income includes amounts received as alimony or separate maintenance payments.

(b) Alimony or Separate Maintenance Payments Defined.-- For purposes of this section-

---

[1](...continued) payment of $18,060. The payment in issue is $18,608, and the parties have not provided an explanation for this discrepancy.

[2]Petitioner does not argue that sec. 7491 applies in the instant case. Moreover, the resolution of the instant case does not depend upon which party has the burden of proof. Rather, the instant case is decided upon the basis of the fully stipulated facts and the documents contained in the record.

(1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if-

    (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

    (B) the divorce or separation instrument does not designate such payment as a payment which is not includable in gross income under this section and not allowable as a deduction under section 215,

    (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

    (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

(2) Divorce or separation instrument.--The term "divorce or separation instrument" means-

    (A) a decree of divorce or separate maintenance or a written instrument incident to such a decree,

    (B) a written separation agreement, or

    (C) a decree (not described in subparagraph (A)) requiring a spouse to make payments for the support or maintenance of the other spouse.

Petitioner contends that, because she and her former husband were not legally separated during 2000, the payment she received from her former husband is not alimony. We do not agree. The relevant inquiry is whether the payment was made pursuant to a written separation agreement within the meaning of section 71(b)(2)(B).

Petitioner contends that the separation agreement she and Mr. Nodurft executed was not legally binding, and that payments made pursuant to the separation agreement should not be considered alimony. Petitioner asserts in the petition that "Petitioner and Former Husband were advised in the office of the Judge Advocate of Kaneohe Bay, Hawaii, USMCB, said 'separation' documents were not legally binding as they are not issued from a civilian court of law."

Petitioner's contention fails to appreciate that a payment made pursuant to a written separation agreement may be alimony under section 71 even though the agreement may not be an enforceable instrument under State law. See sec. 1.71-1(b)(2)(i), Income Tax Regs.; see also Richardson v. Commissioner, 125 F.3d 551 (7th Cir. 1997), affg. T.C. Memo. 1995-554; Benham v. Commissioner, T.C. Memo. 2000-165. The term "written separation agreement" is not defined by the Code. See Jacklin v. Commissioner, 79 T.C. 340, 346 (1982); Benham v. Commissioner, supra; Leventhal v. Commissioner, T.C. Memo. 2000-92. A written separation agreement is a clear, written statement of the terms of support for separated parties. See Bogard v. Commissioner, 59 T.C. 97, 101 (1972). A separation agreement requires mutual assent of the parties. Kronish v. Commissioner, 90 T.C. 684, 693 (1988); see also Benham v. Commissioner, supra.

Petitioner filed a separate return for 2000, claiming single rates, and petitioner and Mr. Nodurft resided in separate States. Petitioner and Mr. Nodurft signed the separation agreement, and petitioner received the payment from Mr. Nodurft pursuant to the separation agreement. The separation agreement required Mr. Nodurft to pay petitioner $1,505 per month "until a final decree of divorce or dissolution is entered as between the parties." According to its own terms, the separation agreement was entered into by petitioner and Mr. Nodurft to effect a permanent separation. The separation agreement explicitly provides terms of support that are sufficient for it to be considered a written separation agreement under section 71. See Bogard v. Commissioner, supra at 101-102; Benham v. Commissioner, supra. Petitioner's contention that the separation agreement is not legally enforceable does not change that result. See Richardson v. Commissioner, supra; Benham v. Commissioner, supra.

We have stated that a separation instrument that provides a "clear, explicit and express direction" that a payment made pursuant to that separation instrument is not includable in income under section 71 and not allowable as a deduction under section 215 will qualify the payment for exclusion from the recipient's income. See Richardson v. Commissioner, supra; Estate of Goldman v. Commissioner, 112 T.C. 317, 323 (1999), affd. without published opinion sub nom. Schutter v.

<u>Commissioner</u>, 242 F.3d 390 (10th Cir. 2000); <u>Medlin v.</u>
<u>Commissioner</u>, T.C. Memo. 1998-378; see also sec. 1.71-1T(b), Q&A-8, Temporary Income Tax Regs., 49 Fed. Reg. 34455 (Aug. 31, 1984).  We conclude that the separation agreement between petitioner and Mr. Nodurft fails to designate that the payments to petitioner are not to be deductible by him under section 215 or includable in her gross income under section 71.  The provisions of the separation agreement entitled "Tax Matters" require petitioner and Mr. Nodurft to file a joint return if doing so would result in a lower tax liability than if they each filed a separate return.  The agreement does not require that the payments by him to her be treated as other than alimony.

On the basis of the foregoing, we conclude that the payment petitioner received from her former husband is alimony and is includable in her income pursuant to section 71.

To reflect the foregoing,

<u>Decision will be entered for</u>
<u>respondent</u>.