T.C. Summary Opinion 2005-170

UNITED STATES TAX COURT

DAVID K. AND ALICE VANARSDALL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7943-04S.               Filed November 21, 2005.

<u>Vicki L. Anderson</u>, for petitioners.

<u>Angela J. Kennedy</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>: This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.

Respondent determined a deficiency of $5,306 in petitioners' Federal income tax for 2000.

The sole issue for decision is whether a payment of $18,398[2] by petitioner David Vanarsdall (Mr. Vanarsdall) to his former wife, Debra Vanarsdall (the former spouse), during 2000 constitutes alimony deductible under section 215(a). That issue is resolved by whether the $18,398 payment satisfies the definition of "alimony or separate maintenance payment" under section 71(b)(1)(D).[3]

The parties submitted this case fully stipulated under Rule 122. The stipulated facts are so found, and those facts, with the annexed exhibits, are incorporated herein by reference. At the time the petition was filed, Mr. Vanarsdall was a legal resident of Marathon, Florida.

Petitioner's divorce was finalized June 29, 1987, and was rendered by an Indiana State court. A Separation and Property Settlement Agreement (the Agreement), which was incorporated into the Dissolution Decree, was offered as a stipulated exhibit. In

---

[2]Petitioners originally claimed an alimony deduction for $28,398 on their 2000 joint Federal income tax return. Petitioners amended their 2000 return to reduce the deduction to $18,398. A copy of Form 1040X, Amended U.S. Individual Income Tax Return, reflecting the latter amount was admitted into evidence.

[3]Another adjustment in the notice of deficiency, a decrease in itemized deductions, is computational and will be resolved by the Court's holding on the principal issue.

the Agreement, Mr. Vanarsdall retained total ownership of his 50-percent interest in the William A. Schmadeke-David K. Vanarsdall Partnership (the partnership). Article III, entitled Division of Property, section 2 of the Agreement stated that, until January 1, 2000, Mr. Vanarsdall would make yearly payments to his former spouse amounting to 60 percent of his portion of the ordinary income generated by the partnership. After January 1, 2000, Mr. Vanarsdall agreed to pay annually his former spouse 50 percent of his portion of the ordinary income generated by the partnership. The Agreement required the former spouse to reimburse Mr. Vanarsdall for his share of the taxes "due on the moneys payable to Wife pursuant to this Section 2".

The Agreement was silent as to the duration of the payments from Mr. Vanarsdall to his former spouse; however, the Agreement provided that, if Mr. Vanarsdall's death preceded her death, his partnership interest would be placed in a trust for their three daughters. The former spouse, however, would receive the income from the trust until her death. Furthermore, Article V, section 4 of the Agreement, entitled Miscellaneous Provisions, also provided that "except as otherwise provided herein, this Agreement shall be binding upon and run for the benefit of the heirs, personal representatives, executors and assigns of the parties hereto". Finally, and more specifically, Article III, section 18 of the Agreement stated: "All payments due from

Husband to Wife under the provisions of this Article shall constitute property settlement and not maintenance or alimony".

During the year 2000, Mr. Vanarsdall made cash payments to the former spouse from his portion of the partnership income totaling $18,398. On his 2000 joint Federal income tax return, petitioner claimed an alimony deduction for the entire amount. In the notice of deficiency, respondent disallowed the deduction and made no other adjustments (except for the computational adjustments on the itemized deductions).

The sole issue is whether the payments to the former spouse during 2000 constitute alimony under section 215(a).[4]

Section 71(a) provides generally that alimony payments are included in the gross income of the payee spouse, and section 215(a) provides generally that alimony payments are deductible by the payor spouse. Section 215(b) provides in pertinent part that the term "alimony" means any alimony, as defined in section 71(b), which is includable in the gross income of the recipient under section 71. Section 71(b) defines alimony as follows:

> SEC. 71(b). Alimony or Separate Maintenance Payments Defined.--For purposes of this section--
>
>> (1) In General.--The term "alimony or separate maintenance payment" means any payment in cash if--

---

[4]The facts are not in dispute, and the issue is a question of law; therefore, with respect to the burden of proof, the Court need not address the applicability of sec. 7491. Higbee v. Commissioner, 116 T.C. 438 (2001).

(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

(B) the divorce or separation instrument does not designate such payment as a payment which is not includable in gross income under this section and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment(in cash or property) as a substitute for such payments after the death of the payee spouse.

Petitioners' deduction for alimony is allowable only if all four criteria of section 71(b)(1) are met. Jaffe v. Commissioner, T.C. Memo. 1999-196. Thus, for our purposes here, if the divorce or separation instrument provides that the payment by one spouse to the other spouse is not includable in the gross income of the receiving spouse and is not allowable as a deduction to the payer spouse, the payments do not constitute deductible alimony. Sec. 71(b)(1)(B).

Respondent contends that Mr. Vanarsdall's payments to the former spouse do not constitute alimony because the parties specifically stated in Article III, section 18 of the Agreement

that such payments constituted property settlement payments and not alimony or maintenance payments.  The Court agrees.

Petitioners argue that, nonetheless, Article III, section 18 of the Agreement is not conclusive because it does not specifically state that the payments are not alimony for Federal income tax purposes.  In support of that argument, petitioner relies on Richardson v. Commissioner, 125 F.3d 551, 556 (7th Cir. 1997), affg. T.C. Memo. 1995-554, where the court stated:  "In common usage, the term designate means 'to make known directly'. * * *  For a legal instrument to make known directly that a spouse's payments are not to be treated as income, we believe that the instrument must contain a clear, explicit and express direction to that effect". Petitioners also argue that this Court has held that the mere labeling of a payment as a property settlement does not dictate the Federal income tax consequences of the payments.  Baker v. Commissioner, T.C. Memo. 2000-164. Petitioner is correct in stating that this Court will not declare a payment nonalimony merely because of a general label, with no further clarification; however, petitioners' reliance on and interpretation of both Richardson and Baker is incorrect.

In Richardson, the payments at issue that were made from one ex-spouse to the other were pursuant to a State court's decree that made no mention of the nature or characterization of the payments.  Richardson v. Commissioner, supra at 553.

Consequently, that Court held that, because the court order did not specifically designate the payments as nonalimony, thereby making them tax free to the recipient, the payments would be treated as alimony for Federal income tax purposes. In this case, the Agreement was not silent as to the designation of payments from Mr. Vanarsdall to the former spouse. On the contrary, the Agreement specifically stated that the payments "shall constitute property settlement and not maintenance or alimony". This designation is a "clear, explicit, and express direction" that the payments were not alimony for Federal income tax purposes.

Furthermore, petitioners' reliance on Baker in support of their assertion is misplaced. In Baker, payments between the former spouses were made pursuant to a Judgment of Divorce that labeled the payments "property settlement". This Court held that this blanket label, without further clarification, "does not clearly inform us that the parties considered the Federal income tax consequences of the payments under sections 71, [and] 215". Baker v. Commissioner, supra. Petitioner and the former spouse did not simply label the payments between them a property settlement without further discussion. On the contrary, the Agreement specifically states that such payments are "not maintenance or alimony". The Agreement further provides that the former spouse reimburse Mr. Vanarsdall for her portion of the

taxes that Mr. Vanarsdall would have to pay on the income from the partnership. Clearly, unlike Baker, petitioner and the former spouse considered the tax consequences of their nonalimony designation and made provisions thereof in the Agreement.

Because petitioner and the former spouse specifically agreed that payments from Mr. Vanarsdall to the former spouse were not alimony, the requirement of section 71(b)(1)(B) has not been met;[5] therefore, respondent is sustained. Petitioners are not entitled to deduct the $18,398 as alimony.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent.</u>

---

[5]The Court need not look to Indiana State law because the terms of the Agreement were clear that the payments between petitioner and the former spouse were not alimony or maintenance payments. <u>Cunningham v. Commissioner</u>, T.C. Memo. 1994-474.