T.C. Summary Opinion 2016-9

UNITED STATES TAX COURT

ROBERT W. NUZUM AND MARY ALANE NUZUM, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 22686-13S, 27511-13S.　　　　Filed March 7, 2016.

Robert W. Nuzum, for petitioners.

Katelynn M. Winkler, for respondent.

SUMMARY OPINION

CARLUZZO, Special Trial Judge: Each of these consolidated cases was

heard pursuant to the provisions of section 7463 of the Internal Revenue Code in

effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be

---

[1]Unless otherwise indicated, subsequent section references are to the
Internal Revenue Code of 1986, as amended, in effect for the relevant period.
(continued...)

entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In notices of deficiency dated June 26 and November 6, 2013 (notices), respondent determined deficiencies in petitioners' 2010 and 2011 Federal income tax and imposed section 6662(a) accuracy-related penalties as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|----------------------|
| 2010 | $21,000 | $4,200.00 |
| 2011 | 45,737 | 2,917.40 |

After a concession,[2] the issues for decision for each year are: (1) whether amounts Mary Alane Nuzum (petitioner) received from her former spouse are includable as alimony in petitioners' income and (2) whether petitioners are liable for the section 6662(a) accuracy-related penalty.

Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioners resided in Galveston, Texas.

_____

[1](...continued)
Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioners concede that Mr. Nuzum received a $54,973 distribution from his individual retirement account in 2011 and that the entire amount of the distribution is includable in income and subject to the sec. 72(t) additional tax.

On November 13, 1976, petitioner married Robert E. McKinley, Jr. (Mr. McKinley).  They separated in September 2007.

On or about October 30, 2008, petitioner and Mr. McKinley entered into a Mediated Settlement Agreement (agreement).  The agreement was incorporated into the Agreed Final Decree of Divorce (divorce decree).  The divorce decree is signed by both petitioner and Mr. McKinley, each having had separate legal representation during the negotiations of both the agreement and the divorce decree.

With respect to alimony, the divorce decree provides:

Alimony

      The parties agree that no provision of this agreement, other than the specific monthly payments set out below, shall be construed as alimony under the Internal Revenue Code.  No provision of this agreement is intended to be interpreted as providing for taxable alimony other than as set out in the provisions set forth herein.

      It is the mutual desire of the parties to provide a continuing measure of support for MARY ALANE McKINLEY, Receiving Party, after divorce.  These support payments undertaken by ROBERT E. McKINLEY, JR., Paying Party, are intended to qualify as contractual alimony as that term is defined in section 71(a) of the Internal Revenue Code of 1986 ("the Code"), as amended, and are intended to be includable in the gross income of Receiving Party under section 71(a) of the Code and deductible by Paying Party under section 215(a) of the Code.  All provisions of this article will be interpreted in a manner consistent with that intention.

Monthly Payments

     ROBERT E. McKINLEY, JR., will pay to MARY ALANE McKINLEY the sum of Five Thousand and No/100ths Dollars ($5,000.00) per month as alimony. These payments will be payable monthly, on or before the 3rd day of each month, beginning on December 3, 2008, and continuing on the same day of each month thereafter as provided below.

     Term–The monthly payments will end on November 3, 2012, with the last payment being due on November 3, 2012, providing all payments have been made.

     Death of Receiving Party–The alimony will continue as provided above but will terminate at the death of Receiving Party.

     *       *       *       *       *       *       *

     Payment Procedures–All alimony payments, except as provided otherwise, will be made by personal check, money order, or cashier's check payable to MARY ALANE McKINLEY.

Pursuant to the section of the divorce decree entitled "Alimony", during 2009, 2010 and 2011 Mr. McKinley paid to petitioner $5,000 a month (disputed payments) for a total of $60,000 for each of those years. Also in accordance with the divorce decree, petitioner and Mr. McKinley filed a joint Federal income tax return for 2008.

Petitioners married on June 20, 2009. Their timely joint Federal income tax returns for 2010 and 2011 were self-prepared. The disputed payments are not included in the income reported on those returns.

Mr. Nuzum is an attorney admitted to practice law in Louisiana, the District of Columbia, and Texas. He graduated from Louisiana State University School of Law with a J.D. in 1977 and graduated from New York University with an LL.M. in taxation in 1978. He worked for the Internal Revenue Service (IRS) Office of Chief Counsel in the Tax Litigation Division in Washington, D.C., from 1978 until 1981 and continued to practice tax law thereafter.

In the notices respondent determined that: (1) the disputed payments constitute alimony and are includable in petitioners' income each year and (2) petitioners are liable for each year for a section 6662(a) accuracy-related penalty on several grounds, including "negligence or disregard of rules or regulations" and "substantial understatement of income tax". Other adjustments made in the notices are not addressed because the adjustments have been agreed to or are computational.

Discussion

I. Disputed Payments

According to respondent, the disputed payments petitioner received during each year in issue fit within the definition of alimony and are includable in petitioners' income pursuant to sections 61(a)(8) and 71. Set against the definition

of alimony contained in section 71,[3] the express language of the divorce decree, clearly directed towards the elements of that definition, strongly suggests that respondent's position is beyond dispute. Having in mind the fundamental principle that the Commissioner's determinations are presumed correct, when presented with the clear language of the divorce decree during trial we wondered how petitioners could meet their burden of proving any error in respondent's position. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[4] Considering the merits of the arguments presented in petitioners' posttrial brief, we give them little credit for trying and consider those arguments more or less in the order listed in that brief.

A. Section 71(e)

Section 71(e) provides that section 71 "shall not apply if the spouses make a joint return with each other." According to petitioners, because petitioner and Mr. McKinley filed a joint return for 2008, respondent's reliance upon section 71 is misplaced. We would agree with petitioners if the 2008 Federal income tax liability of petitioner and Mr. McKinley were before us, but it is not. Before us are

---

[3]See infra p. 9.

[4]Because the resolution of the issues in this case is made upon the preponderance of the evidence, the provisions of sec. 7491(a) need not be taken into account.

the deficiencies determined in petitioners' 2010 and 2011 Federal income tax.

Petitioners' suggestion that the act of filing a joint Federal income tax return for one year precludes the application of section 71 for any other year would, in effect, eliminate from the Internal Revenue Code the Federal income tax concept and consequences of alimony with respect to any spouses who filed jointly for any year that they were entitled to do so. The provisions of section 71(e) obviously apply only to the taxpayers and to the period or year to which the joint return relates. Petitioners' interpretation otherwise would produce unreasonable, if not absurd, results and is therefore rejected. See Union Carbide Corp. v. Commissioner, 110 T.C. 375, 384 (1998).

B. Estoppel

Apparently petitioners included the disputed payments in the income reported on their 2009 joint Federal income tax return; later they treated those payments as excludable on an amended 2009 Federal income tax return. According to petitioners, because respondent took no action inconsistent with the position taken on the amended return, respondent is now estopped from treating the disputed payments as alimony. We disagree. The acceptance of, or acquiescence in, the treatment of an item on a taxpayer's return for one year or years, whether examined by the Commissioner or not, does not estop the

Commissioner from challenging that treatment for a different year. See Dixon v.

United States, 381 U.S. 68, 72-73 (1965); Auto. Club of Mich. v. Commissioner,

353 U.S. 180, 183-184 (1957); McGuire v. Commissioner, 77 T.C. 765, 779-780

(1981). Petitioners' treatment of the disputed payments for a year or years other

than the years now before us has no relevance here.

C. Divorce or Separation Instrument

Petitioners argue that because petitioner was fraudulently induced into

entering into the divorce decree by "false representations and false written

obligations" made by Mr. McKinley during the divorce proceedings, the disputed

payments "were not made under a divorce or separation instrument" as required by

section 71(b)(1)(A). According to petitioners, that being so, the disputed

payments cannot be considered alimony within the meaning of section 71.

We first note that petitioners have not established that petitioner was

fraudulently induced to enter into the agreement or the divorce decree. After all,

she was represented by counsel in connection with both documents. Furthermore,

even if petitioner was induced to sign the agreement or the divorce decree by

fraud, the divorce decree is still a valid decree, and it is the decree that required

Mr. McKinley to make the disputed payments. See Wilder v. Commissioner, T.C.

Memo. 1975-42. Moreover, the unenforceability of an agreement under State law

does not prevent the disputed payments from being treated as alimony for Federal income tax purposes. See Engelhardt v. Commissioner, 58 T.C. 641, 649 (1972); Richardson v. Commissioner, T.C. Memo. 1995-554, aff'd, 125 F.3d 551 (7th Cir. 1997); cf. sec. 1.71-1(b)(2)(i), Income Tax Regs.

In all other respects the divorce decree satisfies the requirements of a "divorce or separation instrument" as defined in section 71(b)(2).

D.  Alimony or Property Settlement

Section 71(b)(1) defines an "alimony or separate maintenance payment" as any payment in cash if:  (1) the payment is received by, or on behalf of, a spouse[5] under a divorce or separation instrument, (2) the divorce or separation instrument does not designate the payment as not includable in gross income (of the payee spouse) under section 71 and not allowable as a deduction (to the payor spouse) under section 215, (3) the payee spouse and the payor spouse are not members of the same household at the time the payment is made, and (4) the payor spouse is not liable for any payments for any period after the death of the payee spouse.

Generally, property settlements incident to divorce are nontaxable.  Sec. 1041; Estate of Goldman v. Commissioner, 112 T .C. 317, 322 (1999), aff'd

_____

[5]For purposes of sec. 71, the term "spouse" includes a former spouse.  Sec. 71(d).

without published opinion sub nom. Schutter v. Commissioner, 242 F.3d 390 (10th Cir. 2000). On the other hand, amounts received as alimony or separate maintenance payments are taxable to the recipient. Secs. 61(a)(8), 71(a), 215(a). The label assigned to a payment by the parties or the divorce court is not dispositive for Federal income tax purposes. See, e.g., Beard v. Commissioner, 77 T.C. 1275, 1283-1284 (1981); Sroufe v. Commissioner, T.C. Memo. 1995-256.

Petitioners contend that the disputed payments are excludable from their income because the payments were intended by the parties to the divorce to be a property settlement and not alimony. Before 1985 payments were characterized as alimony or as property settlement by considering all of the surrounding facts and circumstances. See Beard v. Commissioner, 77 T.C. at 1284.

In 1984 Congress enacted section 71 in its current form specifically to "eliminate the subjective inquiries into intent and the nature of payments that had plagued the courts in favor of a simpler, more objective test." Hoover v. Commissioner, 102 F.3d 842, 844-845 (6th Cir. 1996), aff'g T.C. Memo. 1995-183.

Petitioner received $60,000 from Mr. McKinley in 2009, 2010, and 2011 pursuant to, and in compliance with, the divorce decree. The divorce decree does not designate the disputed payments as not includable in petitioner's gross income

and not allowable as a deduction to Mr. McKinley; petitioner and Mr. McKinley were not members of the same household at the time the payments were made; and under the divorce decree, Mr. McKinley does not have to make the payments to petitioner after her death. The divorce decree addresses the section 71 definition of alimony on an element-by-element basis. The disputed payments petitioner received in 2010 and 2011 are properly treated as alimony within the meaning of section 71 and therefore includable in petitioners' income for each of those years .

## II. Accuracy-Related Penalty

Lastly, we consider whether petitioners are liable for a section 6662(a) accuracy-related penalty for either year in issue. Relying upon various grounds, respondent argues that they are. See sec. 6662(a)-(d).

Section 6662(a) imposes a penalty of 20% of the portion of an underpayment of tax attributable to, among other things, a substantial understatement of income tax. Sec. 6662(b)(2). An understatement of income tax is substantial within the meaning of section 6662 if, as relevant here, the understatement exceeds $5,000. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

Respondent bears the burden of production with respect to the imposition of the penalties imposed in the notice and here in dispute, see sec. 7491(c), and that

burden has been satisfied because the understatement of income tax for each year in issue (here computed in the same manner as the deficiency) will exceed $5,000, see secs. 6211, 6662(d)(2), 6664(a).  That being so, it is petitioners' burden to establish that the imposition of the penalty is not appropriate.  See Higbee v. Commissioner, 116 T.C. 438, 447 (2001); see also Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Section 6664(c)(1) provides that the section 6662(a) accuracy-related penalty does not apply to any portion of an underpayment if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment.  Sec. 1.6664-4(a), Income Tax Regs.  The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances.  Id. para. (b)(1).  "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer."  Id.

Considering Mr. Nuzum's background and experience, and given the clear language in the divorce decree, we do not see how petitioners could have treated the disputed  payments as other than alimony.  Petitioners have not demonstrated

that they acted with reasonable cause or in good faith with respect to the underpayments of tax attributable to their failure properly to treat the disputed payments as alimony, and they otherwise offer no explanation for the adjustments they conceded. Respondent's imposition of the section 6662(a) accuracy-related penalty for both years in issue will be sustained.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>for respondent</u>.