T.C. Summary Opinion 2018-41

UNITED STATES TAX COURT

JEREMY ADAM VANDERHAL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12477-16S.                Filed September 5, 2018.

Jeremy Adam Vanderhal, pro se.

<u>Albert B. Brewster</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated March 9, 2016 (notice), respondent determined a $1,787 deficiency in petitioner's 2013 Federal income tax and imposed a $357.40 section 6662(a) accuracy-related penalty.

The issues for decision are: (1) whether payments petitioner made towards student loans incurred by his former spouse qualify for deduction as alimony and, if not, (2) whether petitioner is liable for a section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in California.

Petitioner married his former spouse in 2003. They were divorced on April 6, 2011, by a Decree of Divorce (divorce decree) entered by the Family Division of the Eighth Judicial District Court of Clark County, Nevada. The divorce decree addresses items routinely found in such documents, such as spousal support and the division of property. According to the divorce decree, petitioner and his

---

[1](...continued)
Code of 1986, as amended, in effect for the year in issue.

former spouse "entered into an equitable agreement settling all issues regarding the division and distribution of assets and debts * * * as set forth in the Exhibit 'A'" (agreement) attached to the divorce decree.

The agreement includes a reference to a Sallie Mae student loan account that relates to petitioner's former spouse. That reference is found in the "Division of Community Debts" section of the agreement and obligates petitioner to "assume and hold * * * [his former spouse] harmless" from that debt.

The agreement also includes a section titled "Tax Free Transfers" that states the parties

> believe and agree that the transfers of property between them required
> by * * * [the agreement] are tax free transfers of property between
> them and are therefore tax-free transfers of property made pursuant to
> Section 1041 of the Internal Revenue Code and are not taxable sales
> or exchanges of property or payments for alimony, except where this
> agreement specifically denotes payments as such.

As relevant here, on his timely filed 2013 Federal income tax return, which he prepared, petitioner claimed an alimony deduction for the payments he made on the above-referenced Sallie Mae student loan. Respondent disallowed that deduction in the notice because, according to respondent, the payments do not fit within the definition of alimony. See sec. 71(b)(1)(B). Instead, according to respondent, the payments constitute a division of property.

## Discussion

The Federal tax consequences of a payment made incident to divorce depend upon the characterization of such payment. Property settlements incident to divorce, and equitable divisions of marital property, generally are neither deductible from the income of the paying spouse nor includable in the income of the receiving spouse. Sec. 1041; Estate of Goldman v. Commissioner, 112 T.C. 317, 322 (1999), aff'd without published opinion sub nom. Schutter v. Commissioner, 242 F.3d 390 (10th Cir. 2000). On the other hand, payments made or received as alimony generally are deductible by the paying spouse under section 215(a) and are includable in gross income by the receiving spouse under sections 61(a)(8) and 71.

Section 215(b) provides that the paying spouse may deduct a payment as alimony if the payment is "includible in the gross income of the recipient under section 71." Section 71(b)(1) defines an alimony payment as any cash payment meeting each of the following four criteria:

(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Respondent agrees that the payments satisfy three of the above-listed requirements. Relying on the language in the "Tax Free Transfers" section of the agreement, however, respondent takes the position that petitioner fails to satisfy subparagraph (B) of section 71(b)(1) because the divorce decree designates the Sallie Mae student loan payments as nonalimony and subject to the provisions of section 1041. According to petitioner, that section of the agreement applies only to the division of property, not community debt, and therefore it does not apply to the Sallie Mae student loan payments.

In deciding whether payments constitute "alimony" under this provision, we begin by examining the terms of the divorce decree and agreement. A divorce or separation instrument "contains a nonalimony designation if the substance of such a designation is reflected in the instrument." Estate of Goldman v. Commissioner, 112 T.C. at 323. Generally, the divorce or separation agreement must provide a "clear, explicit and express direction" that the payments are not to be treated as

alimony, but the designation need not mimic the text of sections 71 and 215. Richardson v. Commissioner, 125 F.3d 551, 556 (7th Cir. 1997), aff'g T.C. Memo. 1995-554; Estate of Goldman v. Commissioner, 112 T.C. at 323.

In this case the divorce decree and the agreement frequently distinguish between property and debt. For example, the divorce decree states that petitioner and his former spouse "entered into an equitable agreement settling all issues regarding the division and distribution of assets and debts * * * as set forth in the" agreement. The agreement provides separate sections with respect to the division of community property and debt. Other provisions of the agreement make reference to both community property and debt, in which case it is clear that the provisions apply to both. Notably, the "Tax Free Transfers" paragraph in the agreement refers only to "property", without including any reference to debt. As we construe the divorce decree and agreement, the reference to property in the "Tax Free Transfers" section of the agreement does not clearly encompass the division of community debt. Furthermore, in construing divorce or separation agreements, we can find no authority that suggests that the terms "property" and "debt" are interchangeable. The divorce decree and the agreement do not otherwise address or "specifically denote" the division of debts as tax-free transfers of property made pursuant to section 1041. That being so, we find that

nothing in the divorce decree or the agreement clearly, explicitly, and expressly designates the Sallie Mae student loan payments as nonalimony payments.  <u>See</u> <u>Richardson v. Commissioner</u>, 125 F.3d at 556.  Consequently, the payments on the student loan account fit within the definition of alimony under section 71, and petitioner is entitled to an alimony deduction for those payments.

It follows that petitioner is not liable for a section 6662(a) penalty.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.