T.C. Memo. 1995-569

UNITED STATES TAX COURT

GABRIEL GUTIERREZ AND CONNIE GUTIERREZ, Petitioners
v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 648-93.                    Filed November 29, 1995.

Gabriel Gutierrez, pro se.

Derek B. Matta, for respondent.

MEMORANDUM OPINION

PARR, Judge:  This matter is before the Court on
petitioners' motion filed July 11, 1995, and supplemental motion
filed October 23, 1995, for administrative and litigation costs,
pursuant to section 7430 and Rule 231.[1]  At the time of filing of

_____

    [1]  All section references are to the Internal Revenue Code,
and all Rule references are to the Tax Court Rules of Practice
                                        (continued...)

the petition herein, petitioners resided in Austin, Texas. References to petitioner are to Gabriel Gutierrez.

The determinations by respondent that gave rise to the present case primarily involved unreported gross receipts from petitioner's law practice and additions to tax for fraud. Before trial respondent conceded that petitioner was not liable for fraud for tax year 1988, and that Mrs. Gutierrez was not liable for fraud for any of the years in issue. After concessions by both parties and before trial, the correct deficiencies for each of the years in issue, 1985 through 1988, were stipulated. The only issues for trial were the additions to tax for fraud for 1986 and 1987, as to petitioner, and/or negligence as to petitioners for all of the years in issue, and additions for substantial understatement for tax years 1986 through 1988.

In our opinion filed June 12, 1995, Gutierrez v. Commissioner, T.C. Memo. 1995-252, we accepted the stipulated deficiencies and held that petitioner was not liable for the fraud addition for any of the years in issue. We held both petitioners liable for the additions for negligence and substantial understatement for tax years 1986 and 1987, but not for 1988.

Petitioners request this Court to award them reasonable administrative and litigation costs in the amount of $39,675.68.

1(...continued)
and Procedure, unless otherwise indicated.

In general, section 7430(a) allows a taxpayer who is a prevailing party in a civil tax proceeding to recover reasonable administrative and litigation costs incurred in such proceeding. A taxpayer bears the burden of proving that he or she is entitled to the claimed costs. Rule 232(e); Rutana v. Commissioner, 88 T.C. 1329, 1332 (1987). To achieve this end, petitioners must demonstrate (1) that they have exhausted the administrative remedies available to them within the Internal Revenue Service (IRS), section 7430(b)(1); (2) that they are the prevailing party, section 7430(a); and (3) that they did not unreasonably protract the proceedings, section 7430(b)(4).

A prevailing party is one who (1) establishes that respondent's position was not substantially justified; (2) substantially prevailed with respect to the amount in controversy, or with respect to the most significant issue or set of issues presented; and (3) has a net worth which does not exceed $2 million at the time the civil tax proceeding commences. Sec. 7430(c)(4).

Respondent agrees that the moving parties have substantially prevailed, that they meet the net worth requirements, and that the moving parties exhausted available administrative remedies. Respondent does not agree that her position was not substantially justified. Respondent agrees that petitioners did not unreasonably protract the Court proceeding, but contends that they did unreasonably protract the administrative proceeding by

delaying the production of relevant information until after the Appeals Division had issued the notice of deficiency. Respondent was unable to either admit or deny that the costs claimed were reasonable, for lack of specific information.

Petitioner argues that our finding of no fraud and the computation of tax and additions to tax "which is minimal in comparison to the notice of deficiency" indicates that respondent was not substantially justified in her determinations in this case. We disagree.

A position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person". Pierce v. Underwood, 487 U.S. 552, 565 (1988). Additionally, the position must have a reasonable basis both in law and in fact. Id. Petitioners have not demonstrated that respondent's position was not substantially justified. They have not proved that respondent's position lacked a reasonable basis in law or fact at the time the notice of deficiency was issued or the answer was filed, in light of the information then available to respondent.

First, we do not agree with petitioners' calculation of the total amount of taxes and additions to tax due in accordance with our opinion, which they now assert is $10,604. Respondent originally determined income tax deficiencies totaling $112,463 plus additions to tax, including the fraud addition. Petitioners stipulated total deficiencies in the amount of $65,934. In addition, we found them liable for the negligence and substantial

understatement additions for 1986 and 1987, the years of the largest deficiencies.

Despite their stipulations, petitioners now claim in their computation for entry of decision under Rule 155 they are not liable for the taxes and additions determined by the Court for 1986 and 1987, because the notice of deficiency was issued more than 3 years after they filed their income tax returns. They claim they do not fall within section 6501(e)(1)(A)(i) which provides a 6-year statute of limitations if the taxpayer omits from gross income more than 25 percent. Although they raised this affirmative defense in their petition (which respondent denied in the answer), they did not mention it as an issue in their opening statement at trial, on opening brief or reply brief, or in their motion for reconsideration of our opinion. Respondent, and the Court, had every reason to believe this argument had been waived.

More importantly, par. 64 of the stipulation states: "The petitioners agree that they are liable for deficiencies in tax in the amounts of $3,250.00, $38,268.00, $17,071.00, and $7,345.00 for tax years 1985, 1986, 1987, and 1988, respectively." (Emphasis added.)

Rule 91(e) provides that a stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted by the Court, or agreed upon by those parties. The Court will not permit a party

to a stipulation to qualify, change, or contradict a stipulation in whole or in part, except that it may do so where justice requires. Id. Petitioners' stipulation as to their liability is unqualified and unambiguous. Petitioner is an attorney, and he knows how to write qualifying language if that is his intention. The amounts agreed to were the result of compromises by both sides, and it would be a grave injustice to respondent if we were now to permit petitioners to read a statute of limitations exception into this stipulation.

Second, we found that petitioner was not guilty of fraud, but was irresponsible in his recordkeeping and breach of ethics in commingling funds in his escrow account. We also found that he underreported his income in all four of the years in issue, although the underreporting for two of the years was not caused by petitioner but by an error made by his accountant. We found that petitioner's judgment was clouded by his severe alcoholism during the years in issue, and that he did not have a fraudulent intent; however, such a finding turned on the credibility of petitioner's testimony and that of other witnesses. In view of the substantial underpayments to which petitioner has agreed and the badges of fraud that were present (consistent underreporting, poor recordkeeping, and commingling of funds), we believe respondent was substantially justified in bringing the case to trial. It was not unreasonable for respondent to put petitioner's credibility before the finder of fact.

Consequently, petitioners are not a prevailing party as defined in section 7430(c)(4).  As a result of this holding, we need not address the question of whether petitioner has satisfied the other requirements of section 7430.[2]  Petitioners are not entitled to an award for reasonable administrative and litigation costs.

To reflect the foregoing,

<u>An order denying petitioners' motions will be issued</u>.

---

[2]  We note, however, that petitioner's affidavit in support of costs claimed is woefully inadequate.  It simply lists total amounts paid to various persons, without listing the dates, number of hours spent, the hourly rate charged, or the specific work performed by these individuals.  Therefore, the request does not meet the requirements of Rule 231(d).