T.C. Memo. 2003-275


UNITED STATES TAX COURT



PATRICIA P. KEAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

ROBERT W. KEAN, III, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]



Docket Nos. 8966-00, 9144-00.  Filed September 22, 2003.



      R determined deficiencies for H's 1995 and 1996
taxable years.  R's determinations were based upon R's
inconsistent position that payments made by H to W,
pursuant to pendente lite unallocated support orders,
were includable in the gross income of W as alimony
received, and not deductible by H as alimony paid.  H
filed a petition for redetermination.  This Court held
that the payments were alimony for Federal income tax
purposes and were deductible by H, under sec. 215,
I.R.C.  H seeks recovery of litigation costs pursuant
to sec. 7430, I.R.C., in the amount of $54,012.63.

_____

      [*]This opinion supplements our previously filed opinion in
<u>Kean v. Commissioner</u>, T.C. Memo. 2003-163.

<u>Held</u>:  R's position that the payments made by H to W were not deductible by H as alimony paid was substantially justified, within the meaning of sec. 7430(c)(4)(B)(i), I.R.C.  H is not entitled to recover litigation costs.

<u>Alan R. Adler</u>, for petitioner in docket No. 8966-00.

<u>Jeffrey M. Garrod</u> and <u>Eugenia Yudanin</u>, for petitioner in docket No. 9144-00.

<u>Joseph J. Boylan</u>, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION


NIMS, <u>Judge</u>:  This matter is before the Court on petitioner Robert W. Kean III's Motion for Award of Reasonable Litigation Costs, pursuant to section 7430 and Rule 231.  Respondent objects.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner Robert W. Kean III (Mr. Kean) seeks to recover litigation costs in the amount of $54,012.63 incurred in connection with respondent's determination of deficiencies with respect to his Federal income tax liabilities for his 1995 and 1996 taxable years.  The issues for decision are whether the position of the United States in the judicial proceeding was substantially justified for the purposes of section 7430, and if

not, whether Mr. Kean meets the net worth requirements, and whether the litigation costs Mr. Kean seeks are reasonable. Mr. Kean resided in Far Hills, New Jersey, when he filed his petition.

## Background

The underlying claim that gave rise to the present dispute involved whether any part of the unallocated support payments (disputed payments) paid by Mr. Kean to petitioner Patricia P. Kean (Ms. Kean) constitutes alimony under section 71 that is deductible by Mr. Kean, under section 215, and includable in the gross income of Ms. Kean, under sections 61(a)(8) and 71(a). In the notices of deficiency, and in the answers filed by respondent, respondent took inconsistent positions, disallowing the deductions to Mr. Kean and requiring Ms. Kean to report alimony income. On brief, however, respondent argued that Mr. Kean should be allowed to deduct the disputed payments and Ms. Kean should report the disputed payments as income.

This Court rendered Kean v. Commissioner, T.C. Memo. 2003-163, deciding that the disputed payments were alimony for Federal income tax purposes.

## Discussion

Section 7430 provides for the award of litigation costs to a taxpayer in a court proceeding brought against the United States involving the determination of any tax, interest, or penalty

pursuant to the Internal Revenue Code.  An award of litigation costs may be made where the taxpayer (1) is the "prevailing party", (2) has exhausted available administrative remedies, (3) did not unreasonably protract the administrative or judicial proceeding, and (4) claimed reasonable litigation costs.  Sec. 7430(a), (b)(1), (3), (c).  Respondent concedes that Mr. Kean exhausted available administrative remedies and did not unreasonably protract the administrative or judicial proceeding.

To be a prevailing party, the taxpayer must substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented, and, at the time the petition in the case is filed, the taxpayer must meet certain net worth requirements.  Sec. 7430(c)(4)(A).  Section 7430(c)(4)(B) provides that a taxpayer shall not be treated as the prevailing party in any proceeding if the United States establishes that its position in the proceeding was substantially justified.  The position of the United States in a deficiency proceeding in this Court is that set forth in the Commissioner's answer.  Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 442 (1997); see also sec. 7430(c)(7)(A).

For purposes of section 7430, a position of the United States is substantially justified if it has a reasonable basis in both law and fact.  Maggie Mgmt. Co. v. Commissioner, supra at 443.  The determination of the reasonableness of that position is

based upon the available facts that formed the basis for the position, as well as any controlling legal precedent. Id. The fact that the Commissioner ultimately concedes an issue does not, by itself, establish that his prior position with respect to that issue was unreasonable. Id. However, it is a factor that may be considered. Id.

As an initial matter, respondent argues that he is "entitled to take inconsistent positions against former spouses in the alimony context." We agree with respondent. Inconsistent determinations may be made against the former spouses in order to protect the revenue in a "whipsaw" situation. See Doggett v. Commissioner, 66 T.C. 101, 103 (1976); Marten v. Commissioner, T.C. Memo. 2000-186; Ryan v. Commissioner, T.C. Memo. 1999-109. Inconsistent positions were appropriate in this case.

Respondent cites Gonzales v. Commissioner, T.C. Memo. 1999-332, as justification for the position taken in his answer that the payments made by Mr. Kean were not alimony. Based on the particular facts in Gonzales, this Court held that the unallocated support payments there did not constitute alimony under section 71. As in the instant case, the payments in that case were made pursuant to an order of a New Jersey court, and this Court applied New Jersey law in its determination as to whether the payments constituted alimony under section 71.

In the case before us, Mr. Kean made payments to Ms. Kean pursuant to a series of orders from a New Jersey court, and this Court applied New Jersey law in its determination as to whether the disputed payments constituted alimony pursuant to section 71. Ultimately, this Court distinguished the facts of Gonzales from the facts of the instant case, and determined that the disputed payments in the instant case were alimony. Nonetheless, based on the fact that Gonzales and the instant case both involve unallocated support payments and interpretation of New Jersey law, respondent's reliance on Gonzales to frame his answer in the instant case was substantially justified.

Based on the facts available to respondent, as well as the legal precedent regarding the deductibility of unallocated support payments, specifically this Court's holding in Gonzales v. Commissioner, supra, respondent's position in his answer had a reasonable basis in both law and fact, and therefore was substantially justified.

Because respondent's position in the judicial proceeding was substantially justified, Mr. Kean is not deemed to be a prevailing party as defined in section 7430(c)(4). Consequently, Mr. Kean is not entitled to recover any of his claimed costs under section 7430. As a result of this holding, we need not address the questions of whether Mr. Kean meets the net worth

requirements and whether the litigation costs Mr. Kean seeks are reasonable.

To reflect the foregoing,

<u>An appropriate order will be issued denying the motion for award of reasonable litigation costs</u>.