T.C. Summary Opinion 2005-38


UNITED STATES TAX COURT


KENNETH E. GILMORE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17649-03S.          Filed March 31, 2005.


Kenneth E. Gilmore, pro se.

<u>Daniel N. Price</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax and additions to tax as follows:

|        |            | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) |
| 1999 | $12,185 | $2,741.63 | $1,584.05 |

After concessions by the parties, the issue remaining for decision is whether petitioner may deduct, as alimony under section 215, military retirement pension payments made to his former wife in the amount of $21,024.[1]

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts, the stipulation of settled issues, and the attached exhibits are incorporated herein by this reference. At the time of filing his petition, petitioner resided in Pipecreek, Texas.

---

[1]In accordance with this Court's opinion in Gilmore v. Commissioner, T.C. Summary Opinion 2004-50, respondent concedes that petitioner is entitled to deduct $5,424 under sec. 215 as spousal maintenance in tax year 1999. However, the remaining $15,600 is still at issue. Pursuant to sec. 7463(b), a summary opinion cannot be relied upon as precedent for other cases. However, this statutory prohibition does not necessarily preclude application of the doctrines of res judicata and collateral estoppel. Because the taxpayer and issue presented in the instant proceeding are identical to the taxpayer and issue decided in the prior proceeding, the present reliance and reference to the previous summary opinion are permitted.

This issue, pertaining to petitioner's taxable year 1996, has already been before this Court.[2] Petitioner is a retired United States Air Force military officer. Petitioner and Mary Alice Warriner (Ms. Warriner) married on September 10, 1981, and separated in September 1993. The District Court, El Paso County, State of Colorado (Colorado court) entered a Temporary Order on October 26, 1995. The same court entered Final Orders and a Decree of Dissolution on February 1, 1996. The Final Orders were a part of, and incorporated into, the Decree of Dissolution.

The Final Orders state, in pertinent part:

4. The parties had accumulated several pieces of real property in Colorado during this marriage. Over the course of the last years of the marriage, * * * [petitioner] wasted the marital estate by failing to pay mortgages and bills when due from the proceeds of rent checks, allowing several foreclosures, not responding to creditor summons, converting assets into investments outside the marital estate, and then not informing * * * [Ms. Warriner] of these actions until default or judgment entered. The Court finds that the total loss amounted to $454,150.00 in assets, costs, and judgments accumulated over the last years of the marriage.

5. The real property presently titled in the name of * * * [Ms. Warriner], acquired during the marriage has a net asset value of $111,000.

6. The total net loss of marital assets is therefore * * * $343,150.00 * * * [Ms. Warriner] is entitled to recover one half of this amount, or $171,575.00 as a property settlement from * * * [petitioner].

7. There * * * [exists] a military retirement which is a part of the marital estate and is marital property subject to equitable division.

---

[2]See id.

8.  [Petitioner's] ability to pay on debt, satisfy financial obligations, or otherwise act in a * * * [financially] responsible manner is problematic and highly unlikely in view of past history.

                *    *    *    *    *    *    *

17.  [Petitioner] is a retired military officer with 23 years total commissioned active duty.  His military retirement is an asset of the marital estate.  * * * [Ms. Warriner] has no retirement fund.  As a consequence of the waste of marital assets, specifically the loss of accumulated investment property and the marital home, and considering the unlikely cooperation of * * * [petitioner] to repay * * * [Ms. Warriner] her losses, and the overall division of property in this case, this Court therefore makes an equitable division of the military retirement as follows:

     a.  Based upon the current amounts of annual and monthly military retirement pay, and for the next 15 years, * * * [Ms. Warriner] shall receive a total 63.31% of the current military retirement as her equitable division of the marital property.  At present known monthly rates, this amount equals $2,065.17 per month.  This amount includes the 13.04% division of the pension ordered in Temporary Orders; this amount * * * [continuos] indefinitely.  The * * * [additional] 50.27% represents the dollar amount of property settlement owed [to] * * * [Ms. Warriner] by * * * [petitioner], amortized over 15 years at the statutory rate of 8% interest, an amount she is entitled by law.

     b.  Payments should be made monthly directly to * * * [Ms. Warriner].  The Court orders a Wage Assignment or Garnishment or any other instrument required by the Cleveland Military Pay Center to execute this Order.

     c.  At the termination of 15 years of payment at the above noted rate, or 180 monthly payments, the percent of military retirement awarded to * * * [Ms. Warriner] changes to 13.04%.

                *    *    *    *    *    *    *

     f.  If possible and pursuant to the rules and laws governing the Cleveland Military Pay Center, this division of military retirement is Ordered to be apportioned into a separate account on behalf of * * * [Ms. Warriner], with

separate tax withholding, statements, and correspondence sent to her independent of any third party or the Court.

\* \* \* \* \* \* \*

20. Neither party is awarded maintenance.

Subsequent to the Colorado court's entering the Final Orders, Ms. Warriner's counsel discovered that direct payments to Ms. Warriner from petitioner's military retirement pension, as directed by paragraph 17b of the Final Orders, were not permitted pursuant to the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. sec. 1408 (2000).[3]

Ms. Warriner submitted a motion to amend Final Orders to the Colorado court, and an Amended Order (Amended Order), issued on May 9, 1996, was incorporated into and amended the Decree of Dissolution and Final Orders entered on February 1, 1996. The Amended Order provided in pertinent part:

2. [Ms. Warriner] is entitled to a [sic] equitable division of the marital estate yet there are no known additional assets in possession of * * * [petitioner] that are readily discoverable and the Court finds * * * [petitioner] has failed to comply with any disclosure requirements.

THEREFORE THIS COURT ORDERS:

3. That * * * [Ms. Warriner] is entitled to an award of spousal maintenance as follows:

a. Permanent spousal maintenance is Ordered paid by * * * [petitioner] to * * * [Ms. Warriner] in the amount of

---

[3]USFSPA does not allow for direct payments to Ms. Warriner because she and petitioner were not married for 10 years or more during which petitioner performed at least 10 years of military service. Tit. 10 U.S.C. sec. 1408(d)(2) (2000).

$452.00 per month.  This amount continues regardless of the future marital status of * * * [Ms. Warriner]. * * * [Ms. Warriner] is further entitled to collect as part of this spousal maintenance award that statutory interest of 8% per annum on unpaid installments of this amount previously Ordered and not paid by [petitioner].

b.  Additional spousal maintenance is ordered in the amount of $1,300 per month until a total amount of $171,575.00, plus statutory interest (per annum) on any unpaid balance accruing from 1 February 1996 is paid in full.  The amount Ordered in this subparagraph shall not be effected [sic] by marriage or death of either party.  * * * [Petitioner] may pay this amount in other monthly payments or in full with a lump sum payment to include all interest accrued from 1 February, 1996 to date of final payment.  At such time the principal of $171,575.00 is paid in full, with accrued interest, the Order for spousal maintenance payments for this subparagraph will be satisfied and payments will cease.

c.  Total spousal maintenance to be paid monthly by this order is $1,752 per month pursuant to the terms noted above.

Pursuant to the Amended Order and Social Security Act of 1974, Pub. L. 93-647, sec. 459, 88 Stat. 2357, amended by the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. 104-193, sec. 362, 110 Stat. 2242, codified at 42 U.S.C. sec. 659 (2000),[4] the Defense Finance and Accounting

---

[4]The United States is required to withhold moneys due from the United States to any individual, including members of the Armed Forces, to enforce the legal obligations of any individual to provide alimony or child support.  Social Security Act of 1974, Pub. L. 93-647, sec. 459, 88 Stat. 2357, amended by the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. 104-193, sec. 362, 110 Stat. 2242, codified at 42 U.S.C. sec. 659 (2000).  Pursuant to 42 U.S.C. sec. 659(i)(3)(B)(ii), alimony does not include "any payment or transfer of property or its value by an individual to the spouse or former spouse of the individual in compliance with any

(continued...)

Service, Cleveland Center, Garnishment Operations, paid Ms. Warriner $1,752 per month for the entire taxable year 1999 of petitioner's military retirement pension, the total being $21,024 as required by paragraph 3c. of the Amended Order.

Petitioner entered into Chapter 13 Bankruptcy proceedings during 2001. Petitioner eventually converted such proceedings into Chapter 7 Bankruptcy proceedings. The United States Bankruptcy Court for the District of Colorado (Bankruptcy court) granted petitioner a discharge under section 727 of title 11, United States Code (the Bankruptcy Code). Petitioner's payments to Ms. Warriner under paragraph 3c. (above) were not discharged in the bankruptcy proceedings.

Petitioner filed his 1999 Federal income tax return on June 28, 2002. In that return, petitioner reported $42,720 of income and claimed a deduction in the amount of $21,024 as alimony payments to Ms. Warriner. Respondent disallowed the deduction for alimony payments. However, in accordance with this Court's opinion in Gilmore v. Commissioner, T.C. Summary Opinion 2004-50, respondent later conceded that petitioner is entitled to deduct $5,424 under section 215 as spousal maintenance in tax year 1999. The remaining $15,600 is still at issue.

_____

[4](...continued)
community property settlement, equitable distribution of property, or other division of property between spouses or former spouses."

## Discussion[5]

The issue before the Court is the proper characterization of the $15,600 of petitioner's military retirement pension paid to Ms. Warriner during tax year 1999.[6] Petitioner argues these payments constitute deductible alimony, and respondent claims these payments constitute a division of marital property.

Petitioner maintains the payments represent alimony because the Bankruptcy court and the Defense Finance and Accounting Service classified the payments as such. Respondent maintains that the payments represent a property settlement, and, as such, the payments do not give rise to an alimony deduction. Respondent argues that a property settlement was intended by the divorce court. However, the intended purpose behind the payments is not controlling. Nelson v. Commissioner, T.C. Memo. 1998-268. Further, "labels attached to payments mandated by a decree of divorce or marriage settlement agreement are not controlling." Benedict v. Commissioner, 82 T.C. 573, 577 (1984). Finally, it is well settled that State courts by their decisions cannot

---

[5]We decide the issue in this case without regard to the burden of proof. Accordingly, we need not decide whether the general rule of sec. 7491(a)(1) is applicable in this case. See Higbee v. Commissioner, 116 T.C. 438 (2001).

[6]As stated previously, this issue, pertaining to petitioner's taxable year 1996, has already been before this Court. Therefore, it appears that the doctrine of collateral estoppel might apply to this case; however, respondent has not raised the affirmative defense and as such is not at issue in the present case. See Rule 39.

determine issues of Federal tax law. See <u>Commissioner v. Tower</u>, 327 U.S. 280 (1946); <u>Kenfield v. United States</u>, 783 F.2d 966 (10th Cir. 1986); <u>Neal v. Commissioner</u>, T.C. Memo. 1999-97; <u>Nieto v. Commissioner</u>, T.C. Memo. 1992-296.

A payment must satisfy all the requirements of section 71(b) to qualify as alimony. See <u>Jaffe v. Commissioner</u>, T.C. Memo. 1999-196. Accordingly, we look to the plain language of the statute to decide the characterization of the $15,600 of petitioner's military retirement pension paid to Ms. Warriner.

Alimony or separate maintenance payments generally are deductible by the payor spouse. Sec. 215. Alimony or separate maintenance payments are defined by section 71(b), which provides in part:

> SEC. 71(b). Alimony or Separate Maintenance Payments Defined.--For purposes of this section--
>
> (1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--
>
> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
>
> (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,
>
> (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members

of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

It is clear the requirements of subparagraphs (A) and (C) of section 71(b) are satisfied. Ms. Warriner received the cash payments pursuant to the Amended Order and Decree of Dissolution issued by the Colorado court, and she and petitioner were not members of the same household.

We now consider section 71(b)(1)(B), which provides that a payment will not be alimony if the divorce or separation instrument designates the payment as not includable in gross income and not allowable as an alimony deduction. The designation in the divorce or separation instrument "need not specifically refer to sections 71 and 215". Estate of Goldman v. Commissioner, 112 T.C. 317, 323 (1999), affd. without published opinion 242 F.3d 390 (10th Cir. 2000). However, the "instrument must contain a clear, explicit and express direction" that the payments are not to be treated as alimony. Richardson v. Commissioner, 125 F.3d 551, 556 (7th Cir. 1997), affg. T.C. Memo. 1995-554. The Amended Order does not contain such language, and section 71(b)(1)(B) is satisfied.

We now consider section 71(b)(1)(D).  To qualify as alimony, petitioner's obligation must terminate at the death of Ms. Warriner.  In order to determine whether an obligation exists, the terms of the applicable instrument must be considered, or if the instrument is silent on the matter, we look to State law. Kean v. Commissioner, T.C. Memo. 2003-163, supplemented by T.C. Memo. 2003-275.

Paragraphs 3a. and 3b. of the Amended Order provide for two categories of payments to Ms. Warriner.  Respondent concedes that payments made under paragraph 3a. are deductible.  Therefore, we discuss only the payments made under paragraph 3b. of the Amended Order.

Paragraph 3b. of the Amended Order states that the "Additional spousal maintenance [which] is ordered in the amount of $1,300 per month until a total amount of $171,575.00 * * * is paid in full.  The amount Ordered in this subparagraph shall not be effected [sic] by marriage or death of either party."  Under the analysis of Kean, the Amended Order specifically provides that the payments would continue after the death of Ms. Warriner, thus disqualifying the payment under section 71(b)(1)(D).[7] Petitioner is not entitled to a deduction under section 215 for

_____

[7]In general, payments to a former spouse terminate upon the death of the former spouse.  See Colo. Rev. Stat. sec. 14-10-122(2) (2003).  However, if agreed in writing or expressly provided in the decree, payments to a former spouse may continue after his or her death under Colorado law.  See id.

the payments made under paragraph 3b. of the Amended Order.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155</u>.