T.C. Memo. 2006-28

UNITED STATES TAX COURT

DANIEL R. ALLEMEIER, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 19320-03.                    Filed February 16, 2006.

Daniel R. Allemeier, Jr., pro se.

Hans F. Famularo and Loren B. Mark, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

KROUPA, Judge:  This matter is before the Court on
petitioner's motion for litigation fees and costs pursuant to

[*]This opinion supplements our prior Memorandum Opinion,
Allemeier v. Commissioner, T.C. Memo. 2005-207.

section 7430 and Rule 231.[1]  The issue is whether petitioner is entitled to recover $16,522[2] for expenses incurred in litigating his Federal income tax liability for 2001.  We hold that he is not.

Background

The underlying facts of this case are set out in detail in Allemeier v. Commissioner, T.C. Memo. 2005-207 (Allemeier I).  We summarize the factual and procedural background briefly to rule on the instant motion.  Petitioner resided in Pacific Grove, California, when he filed the petition.[3]

On a Federal tax return for 2001, petitioner claimed business expense deductions for a master's degree in business administration (MBA) and other expenses related to his work for Selane Products (the company).  Respondent disallowed the expense deductions in a deficiency notice dated October 1, 2003, and determined that petitioner was liable for an accuracy-related penalty.

---

[1]All section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2]Petitioner alternatively claims a lower litigation expense amount of $15,233.28, which he computed based upon the ratio of deductions granted versus deductions denied (92.2 percent of $16,522 equals $15,233.28).

[3]Petitioner has resided in Las Vegas, Nev., since August 2004.

We ruled in petitioner's favor regarding petitioner's MBA-related expense deductions and the accuracy-related penalty but denied petitioner deductions for other claimed business expenses because petitioner failed to substantiate the expenses in Allemeier I. Petitioner then submitted a motion for litigation costs, and respondent filed a response.[4] Respondent agrees that petitioner: (1) Has not unreasonably protracted the court proceedings; (2) has substantially prevailed with respect to the amount in controversy and with respect to the most significant issue presented in the court proceedings; and (3) has met the net worth requirements as provided by law. Respondent disputes, however, that petitioner exhausted all administrative remedies, that petitioner was the prevailing party, and that petitioner's litigation fees are reasonable.

Neither party requested a hearing on this motion, and the Court concludes that a hearing is not necessary to decide this motion. See Rule 232(a)(2). Accordingly, the Court rules on petitioner's motion based on the parties' submissions and the record in this case.

## Discussion

We must determine whether petitioner is entitled to recover reasonable litigation costs. A taxpayer may recover reasonable

---

[4]Petitioner filed a reply to respondent's response that the Court did not direct petitioner to file. See Rule 232(a). The reply raised no additional issues.

litigation costs if the taxpayer establishes that he or she is the prevailing party, has exhausted administrative remedies, has not unreasonably protracted the court proceedings, and has claimed reasonable litigation costs.[5]  Sec. 7430(a), (b)(1), (3), (c)(4).  A taxpayer bears the burden to prove that he or she satisfies these requirements.  Rule 232(e); <u>Corson v. Commissioner</u>, 123 T.C. 202, 205-206 (2004).

<u>Prevailing Party</u>

To be a prevailing party, the taxpayer must substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented, and must satisfy the net worth requirements.  See sec. 7430(c)(4)(A); 28 U.S.C. sec. 2412(d)(2)(B)(2000).  The taxpayer will not be treated as a prevailing party, however, if the Commissioner's position in the court proceeding was substantially justified.  Sec. 7430(c)(4)(B).  The Commissioner has the burden to prove that his position was substantially justified.  See sec. 7430(c)(4)(B)(i); Rule 232(e).

Respondent concedes that petitioner substantially prevailed and met the net worth requirements.  See sec. 7430(b) and (c)(4)(A).  Respondent contends, however, that petitioner is not

---

[5]Respondent concedes that petitioner did not unreasonably protract proceedings.  See sec. 7430(b)(3).

treated as a prevailing party because respondent's position in the court proceeding was substantially justified.

Substantial Justification

The Commissioner's position is substantially justified if, based on all the facts and circumstances and relevant legal precedents, the Commissioner acted reasonably.  See Pierce v. Underwood, 487 U.S. 552, 565 (1988); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988).  The Commissioner's position may be incorrect yet substantially justified if the Commissioner's position had a reasonable basis in law and fact.  See Pierce v. Underwood, supra at 566 n.2; Huffman v. Commissioner, 978 F.2d 1139, 1147 n.8 (9th Cir. 1992), affg. in part, revg. in part and remanding T.C. Memo. 1991-144; sec. 301.7430-5(c)(1), Proced. & Admin. Regs.  A position has a reasonable basis in fact if there is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Pierce v. Underwood, supra at 564-565; Huffman v. Commissioner, supra.

That respondent loses on an issue is not determinative of the reasonableness of respondent's position.  See Wasie v. Commissioner, 86 T.C. 962, 968-969 (1986); DeVenney v. Commissioner, 85 T.C. 927 (1985).  It remains a factor, however, to be considered.  Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Powers v. Commissioner, 100 T.C. 457,

471 (1993), affd. in part, revd. in part and remanded on another issue 43 F.3d 172 (5th Cir. 1995).

The Court looks to whether the Commissioner's position was reasonable given the available facts and circumstances at the time the Commissioner took his position. See Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 442-443 (1997); DeVenney v. Commissioner, supra at 930. The Commissioner's position in a judicial proceeding is generally the position the Commissioner took in the answer to the petition. Sec. 7430(c)(7)(A); Huffman v. Commissioner, supra at 1144-1147; Maggie Mgmt. Co. v. Commissioner, supra at 443; Grant v. Commissioner, 103 F.3d 948, 952 (1996), affg. T.C. Memo. 1995-374; Sher v. Commissioner, supra at 86.

## Whether Respondent's Position Was Substantially Justified

In Allemeier I, respondent's position was that petitioner was not entitled to an MBA-related expense deduction on two bases. Respondent argued, first, that petitioner's enrollment in the MBA program constituted a "minimum educational requirement" to continue his employment at the company. See sec. 1.162-5(b)(2), Income Tax Regs. Respondent argued, second, that petitioner's MBA qualified him for a new trade or business. See sec. 1.162-5(b)(3), Income Tax Regs.

Although we found that petitioner was encouraged rather than required to obtain the MBA, we find that respondent was

substantially justified in arguing that the MBA program constituted a minimum educational requirement. See <u>Allemeier v. Commissioner</u>, T.C. Memo. 2005-207. Similarly, although we found that petitioner's MBA "enhanced" his preexisting skills rather than qualified him to perform "significantly" different tasks and activities, we find that respondent was substantially justified in arguing that petitioner's course of study qualified him for a new trade or business. <u>Id.</u>

Accordingly, we find that respondent's position was substantially justified.[6] Petitioner is therefore not the prevailing party and may not recover any litigation costs. See sec. 7430(c)(4)(B). In light of this holding, we need not decide whether petitioner exhausted administrative remedies or whether the legal costs petitioner claimed are reasonable.[7] See, e.g., <u>Kean v. Commissioner</u>, T.C. Memo. 2003-275, affd. 407 F.3d 186 (3d Cir. 2005); <u>Gutierrez v. Commissioner</u>, T.C. Memo. 1995-569 (where

---

[6]For similar reasons, we also conclude that respondent's position regarding the accuracy-related penalty was substantially justified. See <u>Uddo v. Commissioner</u>, T.C. Memo. 1998-276.

[7]We note that petitioner submitted a $15,553 billing statement for litigation costs from his father, a non-tax attorney who entered no appearance in this proceeding and is ineligible to practice before the Court, but petitioner made no showing that he actually paid or was legally obligated to pay the fees to his father. See sec. 7430(a)(2), (c)(1)(B)(iii); <u>Frisch v. Commissioner</u>, 87 T.C. 838, 846 (1986) (taxpayer not eligible to recover fees when taxpayer had no liability for the fees); <u>Republic Plaza Props. Pship. v. Commissioner</u>, T.C. Memo. 1997-239.

Commissioner substantially justified, no need to address whether taxpayer satisfied the other requirements of section 7430).

To reflect the foregoing,

<u>An appropriate order</u>

<u>and decision will be entered</u>.