T.C. Summary Opinion 2012-38

UNITED STATES TAX COURT

ROBERT R. HAMMOND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27374-10S.                    Filed April 30, 2012.

Robert R. Hammond, pro se.

<u>R. Jeffrey Knight</u>, for respondent.

SUMMARY OPINION

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any

other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code in effect for the year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined for 2008 a deficiency in petitioner's Federal income tax of $8,627 and an accuracy-related penalty under section 6662(a) of $1,725.40.

The issues for decision are whether petitioner: (1) is entitled to deduct certain amounts from income as alimony paid during the year; and (2) is liable for the accuracy-related penalty.[1]

Background

All of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner resided in Pennsylvania when the petition was filed.

On July 20, 2005, petitioner and his then spouse (Mrs. Hammond) appeared at a hearing in the Court of Common Pleas of Philadelphia on the issue of an alimony pendente lite (APL) award and/or establishment of a spousal support order. According to the "Report Of Master In Support" (report) filed as a result of the hearing, the parties married on January 19, 1960, and separated on July 6, 1981. Mrs. Hammond filed a complaint in divorce on January 20, 1982, the report states,

---

[1]Other adjustments made in the notice of deficiency are computational and will not be discussed.

that remained dormant until it was dismissed for lack of prosecution in 1993. The report further states that petitioner filed a divorce complaint in 2005 to which Mrs. Hammond filed a counterclaim for APL. The master found in the report that Mrs. Hammond was entitled to a "50% downward deviation" in the recommended guidelines for an award of APL.

On October 31, 2007, in a hearing before the "Permanent Master in Divorce", petitioner and Mrs. Hammond signed a property and settlement agreement (agreement). Petitioner was required, among other provisions of the agreement, to transfer to Mrs. Hammond all right, title and interest in an account at Citizen's Bank.

Another provision states that "As her further share of equitable distribution," petitioner shall pay to Mrs. Hammond $26,000 within 60 days of the agreement. The agreement ended the previously ordered APL, and the parties agreed that "All claims between the parties for alimony, counsel fees, costs, and equitable distribution are settled and resolved by this Agreement."

On November 5, 2007, the Court of Common Pleas of Philadelphia County, Family Court Division, entered its decree and order of divorce (decree) incorporating by its terms the provisions of the agreement between the parties dated

October 31, 2007. The decree states that the agreement "shall not merge with, but shall survive this Decree and Order."

Petitioner closed the Citizen's Bank account on December 14, 2007, and issued a check to Mrs. Hammond for $17,055.61. Petitioner also provided her on January 28, 2008, a check drawn on his individual account at Wachovia Bank for $26,000. The check was honored on February 22, 2008.

Petitioner deducted $29,500 from his gross income on his 2008 Federal income tax return as alimony paid during the taxable year.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). As there is no factual issue in dispute, the burden of proof does not shift to respondent.

Alimony Deduction

Under Section 215 "there shall be allowed as a deduction an amount equal to the alimony or separate maintenance payments paid during such individual's taxable year." Section 71(b)(1) defines the term "alimony or separate maintenance

payment". Whether petitioner's payments qualify for deduction therefore hinges on their meeting the definition of "alimony" in section 71(b)(1):

> (1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--
>
> > (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
> >
> > (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,
> >
> > (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and
> >
> > (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Congress intended that the definition of alimony preclude the deduction of large, one-time lump-sum property settlements. See the discussion in Hoover v. Commissioner, 102 F.3d 842, 845 (6th Cir. 1996), aff'g T.C. Memo. 1995-183.

Petitioner argues in his pretrial memorandum that amounts paid under divorce or separate maintenance decrees that meet the requirements of section 71(b) are alimony payments for Federal tax purposes. Petitioner asserts that his

payments under the agreement meet all the requirements of the law for deductibility.

Respondent argues first that the stipulated evidence shows that the maximum alimony deduction allowable to petitioner for 2008 is the $26,000 payment of January 28, 2008, the remaining $3,500 of claimed alimony being completely unsubstantiated. The Court is in accord with respondent. Respondent further disagrees with petitioner's position that he has met all the requirements of section 71(b) with respect to the $26,000 payment.

Respondent disagrees that petitioner met the requirements of section 71(b)(1)(B) and (D). Respondent argues that the agreement contains a nonalimony designation, and the obligation to make the payment did not terminate at the death of the recipient spouse. The Court's analysis will begin with the second issue.

The agreement contains no statement that the requirement to make the $26,000 payment to Mrs. Hammond would terminate in the unlikely event that she died within the 60-day period between the signing of the agreement and the due date of the payment. Section 71(b)(1)(D) does not, however, require that the divorce or separation instrument itself contain "termination upon death" language. If payments will terminate upon the payee's death by operation of State law, they may

still qualify under section 71(b)(1) even if the parties fail to state in the divorce instrument that payments terminate upon the payee's death. Kean v. Commissioner, 407 F.3d 186, 191 (3d Cir. 2005), aff'g T.C. Memo. 2003-163, supplemented by T.C. Memo. 2003-275; Hoover v. Commissioner, 102 F.3d at 846.

The Court must therefore determine whether petitioner's obligation to make the payment would have terminated upon the death of Mrs. Hammond by operation of Pennsylvania law. Under 23 Pa. Cons. Stat. Ann. sec. 3707 (West 2010), Effect of death of either party, the right to receive alimony under chapter 37, Alimony and Support, ceases upon the death of the payee party. If petitioner's agreement was for the payment of alimony under chapter 37 of title 23, Pennsylvania domestic relations law,[2] the agreement meets the requirements of section 71(b)(1)(D).

Under 23 Pa. Cons. Stat. Ann. sec. 3701, Alimony, if the court makes an order of alimony, it must set forth the reasons for the award of alimony. Id. sec.

---

[2]Although Federal law governs the taxation of property interests, the property interests of divorcing parties are determined by State law. Hoover v. Commissioner, 102 F.3d 842, 844-845 (6th Cir. 1996), aff'g T.C. Memo. 1995-183; see also Gilbert v. Commissioner, T.C. Memo. 2003-92, aff'd sub nom. Hawley v. Commissioner, 94 Fed. Appx. 126 (3d Cir. 2004); Zinsmeister v. Commissioner, T.C. Memo. 2000-364, aff'd, 21 Fed. Appx. 529 (8th Cir. 2001).

3701(d). Here, there was no court-ordered award of alimony, but instead the court incorporated in its decree the settlement agreement between the parties. The divorce decree provides that the agreement between petitioner and Mrs. Hammond, although incorporated into the decree, "shall not merge with, but shall survive this Decree and Order." The agreement, therefore, retains its identity as a contract and does not become a court order. D'Huy v. D'Huy, 568 A.2d 1289, 1292 (Pa. Super. Ct. 1990).

The agreement by its terms provides: "As her further share of equitable distribution, Husband shall pay to Wife the sum of $26,000." The equitable division of marital property is governed by 23 Pa. Cons. Stat. Ann. sec. 3502, in chapter 35 of the domestic relations title. Under 23 Pa. Cons. Stat. Ann. section 3502(a) the State court may "divide, distribute, or assign" marital property between the parties. There is no provision in chapter 35, Property Rights, of Pennsylvania's domestic relations title addressing the termination of an obligation to distribute marital property upon the death of one of the parties. Because petitioner's payment does not constitute alimony under Pennsylvania law, 23 Pa. Cons. Stat. Ann. sec. 3707 was not applicable.

Marital settlement agreements are governed by the law of contracts in Pennsylvania. Kripp v. Kripp, 849 A.2d 1159, 1163 (Pa. 2004); Ballestrino v.

Ballestrino, 583 A.2d 474, 476 (Pa. Super. Ct. 1990). The court looks to the contract to interpret the agreement. Kripp, 849 A.2d at 1163. Where the contract has clear and unambiguous terms, the court must construe it as written, giving the words of the contract their plain, ordinary, and accepted meaning. Sorace v. Sorace, 655 A.2d 125, 127 (Pa. Super. Ct. 1995). The pertinent provision is clear on its face. It does not provide that the payment is due only if Mrs. Hammond survives for the 60-day period for payment. Petitioner made promises to perform in return for promises from Mrs. Hammond to perform. There are no ambiguities as to the provision at issue. Petitioner's payment was in the nature of a property settlement. Had Mrs. Hammond died within the 60-day period for payment under the agreement, her estate would have had a valid claim for the payment. See Sugarman v. Commissioner, T.C. Memo. 1996-410; see also Hoover v. Commissioner, 102 F.3d at 842.

Petitioner's payment does not meet the requirement of section 71(b)(1)(D) and is therefore not deductible. Because the Court finds that the payment fails the terminable-upon-the-death requirement, respondent's other argument need not be addressed. The Court has considered the arguments of petitioner and finds them without merit.

Accuracy-Related Penalty

Section 7491(c) imposes on the Commissioner the burden of production in any court proceeding with respect to the liability of any individual for penalties and additions to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001); Trowbridge v. Commissioner, T.C. Memo. 2003-164, aff'd, 378 F.3d 432 (5th Cir. 2004). In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or the addition to tax is appropriate. Higbee v. Commissioner, 116 T.C. at 446.

Respondent determined that for 2008 petitioner underpaid a portion of his income tax on account of negligence or disregard of rules or regulations and that there was a substantial understatement of income tax.

Section 6662(a) and (b)(1) and (2) imposes a 20% penalty on the portion of an underpayment of tax attributable to any one of various factors, including negligence or disregard of rules or regulations and a substantial understatement of income tax. "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

A "substantial understatement" includes an understatement of income tax that exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

Section 1.6664-4(b)(1), Income Tax Regs., specifically provides: "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge, and education of the taxpayer." The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

Petitioner has a substantial understatement of income tax for 2008 since the understatement amount will exceed the greater of 10% of the tax required to be shown on the return or $5,000. The Court concludes that respondent has produced

sufficient evidence to show that the accuracy-related penalty under section 6662(a) is appropriate for 2008.

Petitioner offered no argument nor stipulated any facts to show that there was reasonable cause for and that he acted in good faith with respect to the underpayment.

Respondent's determination of the accuracy-related penalty under section 6662(a) for 2008 is sustained.

To reflect the foregoing,

Decision will be entered

for respondent.