T.C. Summary Opinion 2005-50

UNITED STATES TAX COURT

GERALD BARLOW, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5956-04S.                Filed April 19, 2005.

Gerald Barlow, pro se.

<u>Lauren B. Epstein</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect at relevant times.

Respondent determined a deficiency of $5,214 in petitioner's Federal income tax for 2000. The sole issue for decision is whether payments of $23,378[1] petitioner made to his former spouse during the year in issue were properly deductible as alimony.

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. At the time of filing the petition, petitioner resided in Lakeland, Florida.

Petitioner and his former wife divorced on July 15, 1991, after 37 years of marriage. Their divorce proceedings were adjudicated by the Circuit Court of Polk County, Florida (Florida circuit court).

In a Final Judgment of Dissolution of Marriage (divorce decree), dated July 15, 1991, the Florida circuit court ordered an equitable distribution of marital assets and awarded alimony to petitioner's former wife. As relevant to this discussion, the equitable distribution of marital assets included a provision addressing the division of petitioner's retirement plan

---

[1] All amounts have been rounded to the nearest dollar.

benefits.  Specifically, the divorce decree provided:

> 1.  Equitable distribution of marital assets shall be as follows:

> * * * * * * *

>> d.  The Wife is further awarded the following:

>> * * * * * * *

>>> 4.  One-half of Husband's retirement plan with City of Lakeland and one-half of Husband's retirement/pension plan with State of Florida.

In regard to alimony, the Florida circuit court, in a separate provision of the divorce decree, ordered:

> 2.  The Husband shall pay to the Wife the alimony awarded to her in this Court's Temporary Order dated February 25, 1991.

The above-referenced Temporary Order dated February 25, 1991, was entered by the Florida circuit court following a hearing on petitioner's former wife's Motion for Temporary Alimony.  The Court ordered:  "The Husband shall pay to the Wife temporary alimony in the amount of $1,500.00 per month.  Same shall be payable weekly in the amount of $348.84 to begin on February 15, 1991 until further notice."

On December 18, 1992, petitioner and the City of Lakeland entered into an assignment agreement with respect to petitioner's Employee Pension Plan and Police Officer's Supplemental

Retirement Plan (supplemental plan).[2]  Pursuant to the terms of the assignment, petitioner's former wife was assigned a one-half interest in petitioner's net monthly retirement benefits from both the Employee Pension Plan and the supplemental plan.

In taxable year 2000, petitioner's former wife received total payments of $23,378 from petitioner's retirement plans with the City of Lakeland, consisting of $16,347 from petitioner's Employee Pension Plan and $7,031 from petitioner's supplemental plan.  There is no evidence that petitioner made any other payments to his former wife in 2000.[3]

On his 2000 Federal income tax return, petitioner claimed a deduction of $23,378 for alimony payments.  In a notice of deficiency dated January 6, 2004, respondent disallowed the deduction on the ground that the payments did not constitute alimony.

---

[2]  Although the divorce decree referred to petitioner's retirement plans with the City of Lakeland and the State of Florida, the record in this case does not involve any retirement plan with the State of Florida.

[3]  There is no evidence in the record that petitioner made any payments in 2000 in accordance with his obligation to pay alimony of $1,500 per month.  Petitioner's obligation to provide spousal support may have terminated.  Regardless, it is clear from the record that petitioner relied solely upon the assignments from his City of Lakeland retirement plans as the basis for claiming an alimony paid deduction on his 2000 return.

- 5 -

## Discussion

The Federal tax consequences to both the paying spouse and receiving spouse of a payment made incident to divorce depend upon the characterization of such payment.  Property settlements, or equitable divisions of marital property, are generally neither deductible from the income of the paying spouse nor includable in the income of the receiving spouse.  Sec. 1041.  On the other hand, payments made or received as alimony are generally deductible by the paying spouse under section 215(a) and includable in gross income by the receiving spouse under sections 61(a)(8) and 71.

Section 215(b) provides that the paying spouse may deduct a payment as alimony if the payment is "includible in the gross income of the recipient under section 71".  Section 71(b)(1) defines an alimony payment as any cash payment meeting each of the following four criteria:

> (A)  such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

> (B)  the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

> (C)  in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

> (D)  there is no liability to make any such payment for any period after the death of the payee

spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Respondent contends that the $23,378 paid from petitioner's City of Lakeland retirement plans is not alimony because petitioner does not satisfy either subparagraph (B) or (D) of section 71(b)(1).

We first address the requirement at section 71(b)(1)(B), which provides that a payment will not be alimony if the governing divorce or separation instrument designates the payment as not includable in gross income under section 71 and not allowable as an alimony deduction under section 215. A divorce or separation instrument "contains a nonalimony designation if the substance of such a designation is reflected in the instrument". Estate of Goldman v. Commissioner, 112 T.C. 317, 323 (1999), affd. sub nom. Schutter v. Commissioner, 242 F.3d 390 (10th Cir. 2000). Generally, the divorce or separation agreement must provide a "clear, explicit and express direction" that the payments are not to be treated as alimony, but the designation need not mimic the statutory language of sections 71 and 215. Richardson v. Commissioner, 125 F.3d 551, 556 (7th Cir. 1997), affg. T.C. Memo. 1995-554; Estate of Goldman v. Commissioner, supra at 323.

In this case, the language of the divorce decree unambiguously designates the payments from petitioner's

retirement plan benefits as nonalimony.  Petitioner's former wife was awarded a one-half interest in petitioner's retirement plan benefits pursuant to paragraph 1 of the divorce decree, which began:  "Equitable distribution of marital assets shall be as follows".  Among the items of marital assets subject to equitable distribution were petitioner's retirement plan benefits, as specifically addressed in paragraph 1.d.4 of the divorce decree. While the Florida circuit court also specifically granted alimony to petitioner's former wife, this award was made pursuant to paragraph 2 of the divorce decree and was not part of the Florida circuit court's equitable distribution of marital assets.

We conclude that the divorce decree clearly, explicitly, and expressly designated the payments from petitioner's retirement plans as nonalimony payments.[4]

Since petitioner does not satisfy subparagraph (B) of section 71(b)(1), it is unnecessary to consider subparagraph (D) of the same section.  Respondent's determination that petitioner is not entitled to an alimony deduction in 2000 is sustained.

---

[4]  Moreover, the Florida circuit court, in a postdivorce hearing convened on Feb. 28, 1992, to address petitioner's request to modify the divorce decree's distribution of his retirement plan benefits, concluded that the distribution was "a property plan distribution the court made" and that the decision "was not modifiable because it's not alimony".

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.