T.C. Summary Opinion 2007-4

UNITED STATES TAX COURT

JOHNNY AYRES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12569-05S.          Filed January 8, 2007.

Johnny Ayres, pro se.

Susan S. Canavello, for respondent.

COUVILLION, Special Trial Judge: This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

---

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue.
The facts are not in dispute, and the issue is a question of law;
therefore, with respect to the burden of proof, the Court need
not address the applicability of sec. 7491. Higbee v.
Commissioner, 116 T.C. 438 (2001).

Respondent determined a deficiency of $2,713 in petitioner's Federal income tax for 2002.

The sole issue for decision is whether payments of $9,200 by petitioner to his former wife during 2002 constituted alimony deductible under section 215(a). That issue is resolved by whether the $9,200 payments satisfy the definition of "alimony or separate maintenance payment" under section 71(b)(1)(D).

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner was a legal resident of Houma, Louisiana.

Petitioner was married to Loredana Timmoneri, and they were divorced on July 1, 2002, by a Louisiana State court. There were no children born of the marriage. In the petition for divorce, petitioner prayed that the community property regime between him and his wife be terminated, and the property be divided between them according to law. No allegation was made in the petition for divorce as to alimony or spousal support, and the Judgment of Divorce that was rendered on July 1, 2002, does not contain a provision requiring payment of alimony by petitioner to his former spouse. By an Act of Partition of Community Regime, effective on April 11, 2002, petitioner and his spouse agreed to a partition or division of their community property. The document explicitly states: "In consideration of the transfer to

him as hereinafter set forth, Johnny does hereby promise to deliver unto Loredana a payment of $350 per month for six months, starting in September 2002, and ending in March, 2003". The document further identified a car and clothing that were transferred to petitioner's former wife and described other properties that went to petitioner. The document also states: "and in further consideration whereof Loredana does hereby waive any rights that she may have to interim periodic support or final periodic support". The parties agree that, pursuant to the agreement, petitioner made total payments of $9,200 to his former spouse during the year at issue.[2] There is no language in the agreement that would have relieved petitioner of the obligation of making the payments to his former spouse in the event of her prior death. There were no other court orders or agreements between petitioner and his former spouse. On his Federal income

---

[2]The $9,200 claimed as alimony consists of 12 payments of $350 each during the year 2002 totaling $4,200. In addition, prior to 2002, when petitioner and his spouse separated, petitioner issued a check payable to his wife in the amount of $5,000. That check was held by petitioner's sister-in-law with the understanding that, if petitioner and his spouse did not reconcile within 6 months, the check would be delivered to petitioner's spouse. Petitioner and his spouse did not reconcile, and the 6-month period elapsed during 2002. The sister-in-law delivered the $5,000 check to petitioner's spouse, who then cashed the check during the year at issue, 2002. Thus, the $4,200 total monthly payments during 2002 and the $5,000 check that was cashed during 2002 account for the $9,200 claimed by petitioner as alimony. There was no documentation with respect to the $5,000 check; however, respondent's position at trial was that it did not constitute alimony. The Court agrees with that position.

tax return for 2002, petitioner claimed a deduction of $9,200 for alimony. In the notice of deficiency, respondent disallowed the claimed $9,200 in alimony.

Petitioner testified at trial that his former spouse "wanted spousal support" and "she wasn't really entitled to any kind of property. We had only been married for about a year, and the only purchase we made during that time was a car, and I gave her the car, but she wanted some support." This testimony, however, is not corroborated by the Act of Partition referred to above or by an order of the court.

Section 71(a) provides generally that alimony payments are included in the gross income of the payee spouse, and section 215(a) provides generally that alimony payments are deductible by the payor spouse. Section 215(b) provides in pertinent part that the term "alimony" means any alimony, as defined in section 71(b), which is includable in the gross income of the recipient under section 71. Section 71(b) defines alimony as follows:

> SEC. 71(b). Alimony or Separate Maintenance Payments Defined.--For purposes of this section--
>
>> (1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--
>>
>>> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
>>>
>>> (B) the divorce or separation instrument does not designate such payment as a payment which is not includable in gross income under this section

and not allowable as a deduction under section 215,

    (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

    (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Petitioner's deduction for alimony is allowable only if all four criteria of section 71(b)(1) are met. Jaffe v. Commissioner, T.C. Memo. 1999-196. Thus, for our purposes here, if the divorce decree or the Act of Partition provides that the payment by one spouse to the other spouse is not includable in the gross income of the receiving spouse and is not allowable as a deduction to the payer spouse, the payments do not constitute deductible alimony. Sec. 71(b)(1)(B). Neither of these documents contained such a provision.

Petitioner's argument that his former wife wanted spousal support, and his payments to her were a fulfillment of that desire, does not change the character of the payments to constitute the payments as alimony. In Richardson v. Commissioner, 125 F.3d 551, 556 (7th Cir. 1997), affg. T.C. Memo. 1995-554, the Court of Appeals for the Seventh Circuit stated: "For a legal instrument to make known directly that a spouse's

payments are not to be treated as income, we believe that the instrument must contain a clear, explicit and express direction to that effect."  If petitioner's contention is correct, it clearly was not contained in the Act of Partition agreement with his former spouse.  The Court, therefore, sustains respondent.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.