T.C. Summary Opinion 2011-11


UNITED STATES TAX COURT



JAMES DAVID SHILEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13418-09S.          Filed February 7, 2011.



James David Shiley, pro se.

<u>Emly B. Berndt</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent

section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

For 2007 respondent determined a deficiency of $1,708 in petitioner's Federal income tax. The sole issue for decision is whether payments petitioner made in 2007 to his former wife are deductible as alimony.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. When petitioner filed his petition, he resided in Ohio.

Petitioner was married on November 10, 1989. Approximately 10 years later, he and his former wife separated, and on July 19, 1999, they entered into a separation agreement (agreement).[1] The agreement provided that neither party would be entitled to receive spousal support and both parties waived any future claim thereto.

The agreement also included several provisions regarding the division of property, providing in pertinent part:

> 5. As a further division of property, Husband shall pay to Wife, the sum of Sixty-five Thousand Dollars ($65,000), plus the marital portion of COLA as detailed below, as follows: Five Thousand Dollars ($5,000) upon the

---

[1]The divorce decree, signed July 27, 1999, fully incorporated the terms of the separation agreement.

granting of a Decree of Divorce or July 17, 1999 whichever occurs first, and the balance as follows:

A) Five Hundred Dollars ($500.00) per month commencing July 10, 1999 and due and payable on the 10th day of each month thereafter for 120 months, ending June 30, 2009.  Said monthly payments shall be increased by the marital portion of COLA compounded, commencing July 10, 2000, and each July 10th thereafter until the obligation has been satisfied in full.

B) Rights of Survivorship.  During the term of this obligation and until this obligation is satisfied in full, Husband covenants that he shall submit to all physicals and sign all documents required for Wife to purchase a life insurance policy on his life in the amount of Fifty Thousand Dollars ($50,000) to secure this obligation, at Wife's cost.

C) Nature of Obligation.  The parties agree that the payments hereunder are a division of property. Husband agrees that he will pay, and save Wife harmless from any liability on, any and all taxes attributable to this obligation and the payments hereunder.  Except, however, in the event Husband attempts to discharge this obligation through bankruptcy, or other means, he shall continue all such payments as spousal support, increased by Wife's tax obligations thereon.  Husband agrees that his obligation hereunder is binding upon his heirs, executors, administrators and assigns and shall become an obligation of his estate.

\*      \*      \*      \*      \*      \*      \*

13.  It is agreed that this Agreement shall be binding upon the heirs, executors, administrators, next of kin and assigns of each party thereto.

With respect to his obligation pursuant to the agreement, in 2007 petitioner paid his former wife $6,000 which he deducted on his Federal income tax return as alimony.

On March 13, 2009, respondent issued to petitioner a statutory notice of deficiency disallowing petitioner's alimony deduction.

## Discussion

### I.  Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[2]  Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

### II.  Alimony Payments

Section 215(a) allows a deduction for alimony paid during the payor's taxable year.  Section 215(b) defines alimony or separate maintenance as any "payment (as defined in section 71(b)) which is includible in the gross income of the recipient under section 71."

Section 71(b) provides a four-step inquiry for determining whether a cash payment is alimony:

> SEC. 71(b). Alimony or Separate Maintenance Payments Defined.--For purposes of this section--
>
> (1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--

---

[2]Petitioner has not claimed or shown that he meets the requirements under sec. 7491(a) to shift the burden of proof to respondent as to any factual issue relating to his liability for tax.

(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income * * * and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Payments are deductible as alimony only if all four requirements of section 71(b)(1) are met. Respondent agrees that petitioner satisfies subparagraphs (A) and (C) of section 71(b)(1). The parties disagree, however, as to whether petitioner's payment was designated a payment not includable in gross income and whether petitioner's payment obligation would terminate upon the death of his former wife. See sec. 71(b)(1)(B), (D).

We first address the requirement of section 71(b)(1)(B), which provides that a payment will not be alimony if the governing divorce or separation instrument designates the payment not includable in gross income under section 71 and not allowable

as an alimony deduction under section 215. A divorce or separation instrument "contains a nonalimony designation if the substance of such a designation is reflected in the instrument." Estate of Goldman v. Commissioner, 112 T.C. 317, 323 (1999), affd. without published opinion sub nom. Schutter v. Commissioner, 242 F.3d 390 (10th Cir. 2000). Generally the divorce or separation agreement must provide a "clear, explicit and express direction" that the payments are not to be treated as alimony, Richardson v. Commissioner, 125 F.3d 551, 556 (7th Cir. 1997), affg. T.C. Memo. 1995-554, but the designation "need not mimic the statutory language of * * * sections 71 and 215", Estate of Goldman v. Commissioner, supra at 323. A nonalimony designation will be found if the substance of such a designation is reflected in the instrument. Estate of Goldman v. Commissioner, supra.

Petitioner's separation agreement unambiguously provides that he shall pay his former wife "As a further division of property" $65,000. The agreement characterizes petitioner's obligation as a division of property. Part and parcel of petitioner's payment liability was his further agreement that "he will pay, and save Wife harmless from any liability on, any and all taxes attributable to this obligation and the payments hereunder." The agreement, in addition, sets forth as a separate

general provision that neither party shall be entitled to receive spousal support from the other.

While petitioner did not focus on any particular provision in the agreement, there is a colorable argument that the payment obligation satisfies section 71(b)(1)(B) because of the provision that in the event of an attempt to discharge the obligation in bankruptcy, the obligation shall continue as "spousal support, increased by Wife's tax obligations thereon."[3]  Notwithstanding the foregoing language, the Court concludes that when the agreement is read as a whole, it reflects an intent and agreement of the parties that the payments are pursuant to a division of property, as opposed to spousal support, and are not to be includable in the gross income of petitioner's former wife.  See Fields v. Commissioner, T.C. Memo. 2008-207; see also Hoover v. Commissioner, T.C. Memo. 1995-183 (where payments of sum certain are made over a definite period regardless of contingencies, it is as a matter of law a division of property), affd. 102 F.3d 842 (6th Cir. 1996).

Petitioner's payments were made to his former wife as part of a division of property,[4] his former wife was not liable for

---

[3]Petitioner has not alleged that the payment obligation was actually converted to spousal support.

[4]Ohio Rev. Code Ann. sec. 3105.18 (LexisNexis 2008) also provides that "Spousal support" does not include any payment made to a spouse that is made as part of a division or distribution of property.

any taxes attributable to those funds, and neither party was entitled to spousal support pursuant to the agreement. Upon consideration of the agreement, the Court concludes that petitioner's payments made to his former wife pursuant to a division of property are not deductible as alimony. Respondent's determination is sustained.

The Court notes that even if petitioner's payments satisfied section 71(b)(1)(B), they do not satisfy section 71(b)(1)(D) because the payments do not terminate upon the death of petitioner's former wife.[5]

The Court finds that the agreement contains a nonalimony designation within the meaning of section 71(b)(1)(B) and a liability for payment that survives the death of the payee spouse as described in subparagraph (D) of section 71(b)(1). Thus petitioner's payment of $6,000 in 2007 to his former wife was not deductible alimony.

---

[5]The agreement provides that the obligations of the parties shall be binding upon the heirs, executors, administrators, next of kin and assigns of <u>each party</u> hereto. See <u>Hoover v. Commissioner</u>, T.C. Memo. 1995-183, affd. 102 F.3d 842 (6th Cir. 1996); <u>Cunningham v. Commissioner</u>, T.C. Memo. 1994-474. Pursuant to the agreement, petitioner is obligated to fulfill his payment liability, an obligation which does not terminate at the death of either party.

Other arguments made by the parties and not discussed herein were considered and rejected as irrelevant, without merit, or moot.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.