T.C. Summary Opinion 2012-64

UNITED STATES TAX COURT

EMMANUEL CHARLES KOUSKOUTIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 496-11S.                           Filed July 9, 2012.

Emmanuel Charles Kouskoutis, pro se.

<u>Jeffrey A. Schlei</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the petition

was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2008 Federal income tax of $12,534 and an accuracy-related penalty under section 6662(a) of $2,507.[2] The deficiency stems from the disallowance of a deduction for alimony paid. After a concession by respondent, the sole issue for decision is whether petitioner is entitled to deduct $44,700 as alimony paid to his former spouse in 2008.[3]

Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. Petitioner resided in the State of California when the petition was filed.

In June 1992 petitioner married his former spouse, and he had two children with her during their marriage.

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] All dollar amounts are rounded to the nearest dollar.

[3] Respondent concedes the accuracy-related penalty under sec. 6662(a).

In January 2008 petitioner and his former spouse separated. Petitioner remained in the family home, and his former spouse moved into a separate residence. Petitioner and his former spouse maintained separate residences throughout the year in issue.

On January 12, 2008, the District Court for Arapahoe County, Colorado, (State court) issued Temporary Orders (nunc pro tunc November 13, 2007), in petitioner's divorce case. The Temporary Orders incorporated stipulations from petitioner and his former spouse. Paragraph 8 of the Temporary Orders provided:

> 8. Once * * * [petitioner's former spouse] moves from the marital residence, * * * [petitioner] shall pay * * * [petitioner's former spouse] unallocated family support in the amount of $3725.00 per month * * *. * * * [Petitioner's former spouse] shall not be required to report such payments as income on her tax return. [Emphasis added.].

The Temporary Orders did not specify what portion of the "unallocated family support" payments constituted child support for their two minor children.

The State court subsequently issued Permanent Orders (nunc pro tunc May 1, 2009), and ordered, inter alia, the dissolution of petitioner's marriage to his former spouse.

On his 2008 Federal income tax return petitioner claimed an alimony deduction of $44,700 for payments he made to his former spouse in 2008 pursuant to the Temporary Orders.

In a notice of deficiency respondent determined that the $44,700 paid by petitioner was not alimony and, therefore, disallowed the claimed deduction in full.

## Discussion[4]

Section 71(a) provides the general rule that alimony or separate maintenance payments received are included in the recipient's gross income. Section 215(a) provides the complementary general rule that alimony or separate maintenance payments are tax deductible by the payor in the taxable year paid.

Section 215(b) defines the term "alimony or separate maintenance payment" by reference to section 71(b), the relevant provision of which provides:

> SEC. 71(b). Alimony or Separate Maintenance Payments Defined.--
> For purposes of this section--
>
> > (1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--
> >
> > > (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

---

[4] The issue for decision under these facts is essentially legal in nature; therefore, we decide this case without regard to the burden of proof.

(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income * * * and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Unallocated family support payments are deductible as alimony or separate maintenance only if all four of the above conjunctive requirements of section 71(b)(1) are met. See Miller v. Commissioner, T.C. Memo. 1999-273, aff'd sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002); see also Johnson v. Commissioner, T.C. Memo. 2006-116.

Both parties agree that the unallocated family support payments made by petitioner to his former spouse in 2008 (disputed payments) satisfy the requirements set out in subparagraphs (A), (C), and (D) of section 71(b)(1). The parties disagree, however, as to whether the requirement of section 71(b)(1)(B) has been met. In other words, the parties disagree as to whether the Temporary Orders contain what is commonly referred to as a nonalimony designation.

Under subparagraph (B) of section 71(b)(1), a payment is treated as nonalimony if the divorce or separation instrument designates the payment as such. The divorce or separation instrument need not mimic the language of section 71(b)(1)(B) for a nonalimony designation to exist. Estate of Goldman v. Commissioner, 112 T.C. 317, 323 (1999), aff'd without published opinion sub nom. Schutter v. Commissioner, 242 F.3d 390 (10th Cir. 2000). Rather, a nonalimony designation exists if "the substance of such a designation is reflected in the instrument." Id.

The term "designate" as used in section 71(b)(1)(B) means "to make known directly". Richardson v. Commissioner, 125 F.3d 551, 556 (7th Cir. 1997), aff'g T.C. Memo. 1995-554. In that regard, "[f]or a legal instrument to make known directly that a spouse's payments are not to be treated as income * * * the instrument must contain a clear, explicit and express direction to that effect." Id. In Richardson v. Commissioner, T.C. Memo. 1995-554, we held that "[b]ecause the * * * [divorce] court did not expressly designate the court-ordered payments as payments which were not includable in * * * [the taxpayer's] income, the requirements of sections 71 and 215" were met and the taxpayer's payments constituted alimony.

In the instant case, however, paragraph 8 of the Temporary Orders contains a clear, explicit, and express direction that the disputed payments are not to be includible in the income of petitioner's former spouse. Although the language does not precisely mimic the language of section 71(b)(1)(B), we hold that the substance of a nonalimony designation is reflected in the Temporary Orders. Consequently, the disputed payments do not meet all four of the conjunctive requirements provided by section 71(b)(1) and thus do not constitute alimony or separate maintenance payments deductible under section 215(a).[5]

---

[5] Petitioner alleges that his former spouse used some of the disputed payments she received to pay her personal expenses (e.g., car payments, house payments, credit card payments, etc.) and requests that we divide the disputed payments into alimony and child support using State child support guidelines. We understand petitioner's argument; however, the Court must apply the law as written. A payment can be treated as alimony only when the objective test under sec. 71(b)(1) is satisfied regardless of what the recipient does with the payment once received.

## Conclusion

We have considered all of the arguments advanced by petitioner, and, to the extent not expressly addressed, we conclude that those arguments do not support a result contrary to our decision herein.

To give effect to our disposition of the disputed issue as well as respondent's concession,

<u>Decision will be entered for respondent as to the deficiency in tax and for petitioner as to the accuracy-related penalty under section 6662(a)</u>.